[No. 6924–9–III.  Division Three.  June 17, 1986.]

VIRGINIA BECKMANN, *Respondent,* v. SPOKANE TRANSIT AUTHORITY, *Appellant.*

*Edward G. Johnson* and *Preston, Thorgrimson, Ellis & Holman,* for appellant.

*Bruce A. Kaiser, Cheryl C. Mitchell,* and *McLendon & Kaiser,* for respondent.

MUNSON, J.—A party whose complaint fails to affirmatively plead RCW 4.84.250,[1] providing for attorney fees when the damages claimed are under a certain amount, is not entitled to recover such fees.

Virginia Beckmann was injured when a Spokane Transit Authority (Spokane Transit) bus collided with her automobile on April 12, 1983. Her complaint for personal injuries did not seek a specific amount in damages pursuant to RCW 4.28.360.[2] Although the complaint did request attorney fees, no citation of authority was set forth.[3]

---

[1]RCW 4.84.250 provides in part:

"Attorneys' fees as costs in damage actions of five thousand dollars or less—Allowed to prevailing party—Amount. . . . [I]n any action for damages where the *amount pleaded* by the prevailing party as hereinafter defined, exclusive of costs, is three thousand dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1981, the maximum amount of the pleading under this section shall be five thousand dollars." (Italics ours.) RCW 4.84.250 was amended in 1984 and as of July 1, 1985, attorney fees are allowed to the prevailing party in damage actions of $10,000 or less (Laws of 1984, ch. 258, § 88, p. 1329).

[2]RCW 4.28.360 provides in part:

"Personal injury actions—Complaint not to include statement of damages—Request for statement. In any civil action for personal injuries, *the complaint shall not contain a statement of the damages sought but shall contain a prayer for damages as shall be determined.*" (Italics ours.)

[3]The prayer of Ms. Beckmann's complaint requested the following relief:

"1. For special damages in an amount to be proven at trial, to include but not limited to, present medicals and present wage loss.

"2. For general damages in an amount to be proven at trial, to include past, present and future pain and suffering, mental anguish, future medicals and loss of opportunity and wage loss.

"3. For loss of future earning capacity.

"4. Partial permanent disability.

Eleven days before trial, Ms. Beckmann served Spokane Transit with a written offer to settle in the amount of $3,000, making specific reference to RCW 4.84.280.[4] Spokane Transit did not respond to the settlement offer; a bench trial proceeded as scheduled.

During closing arguments, Ms. Beckmann asked for $18,000 in damages. The court, finding Spokane Transit 100 percent negligent, awarded Ms. Beckmann $4,360 in damages; she was also awarded $2,050 in attorney fees pursuant to RCW 4.84.250.

Spokane Transit contends the court erred in awarding Ms. Beckmann her attorney fees pursuant to RCW 4.84.250 because she did not (1) expressly plead a specific amount of damages of $5,000 or less as required by that statute, or (2) request the fees under RCW 4.84.250.

██ Ms. Beckmann responds that she was prohibited from expressly pleading a specific amount of damages in her complaint by RCW 4.28.360. Notwithstanding, had she pleaded RCW 4.84.250, she would have put Spokane Transit on notice of her claim for fees under that statute; since she did not, she is not entitled to such fees pursuant to that statute. *Tatum v. R & R Cable, Inc.*, 30 Wn. App. 580, 585, 636 P.2d 508 (1981), *review denied*, 97 Wn.2d 1007 (1982); *see Warren v. Glascam Builders, Inc.*, 40 Wn. App. 229, 231–32, 698 P.2d 565 (1985); *see also West Coast Stationary Eng'rs Welfare Fund v. Kennewick*, 39 Wn. App. 466, 475–76, 694 P.2d 1101 (1985).

---

"5. For reasonable attorney's fees, costs, disbursements and. pre–judgment interest."

[4]RCW 4.84.280 provides in part:

"Offers of settlement shall be served on the adverse party in the manner prescribed by applicable court rules at least ten days prior to trial. Offers of settlement shall not be served until thirty days after the completion of the service and filing of the summons and complaint. Offers of settlement shall not be filed or communicated to the trier of the fact until after judgment, at which time a copy of said offer of settlement shall be filed for the purposes of determining attorneys' fees as set forth in RCW 4.84.250."

Nevertheless, Ms. Beckmann asserts her written offer of settlement for $3,000, specifically referring to RCW 4.84-.280, provided adequate notice to Spokane Transit that she was seeking attorney fees under the statute. However, we hold, even assuming her offer to settle did give notice, she waived her right to such fees by asking for more than $5,000 in damages at trial.[5]
We reverse with respect to attorney fees.

GREEN, C.J., and MCINTURFF, J., concur.

Reconsideration denied August 5, 1986.

Review granted by Supreme Court October 29, 1986.

---

[5]A party requesting fees pursuant to RCW 4.84.250 is limited by that statute to asking for damages of less than $5,000 (now $10,000) at trial. *See* RCW 4.84-.250. Without such a limitation, the plaintiff who requests fees under this statute (and who therefore implicitly signals to the defendant that the claim will be for less than $5,000 in damages) may ask for more than the statutory limit at trial, and as long as the *judgment* is less than that limit, recover attorney fees. Such a result is inconsistent with the statute's purpose of providing fees only where the plaintiff seeks damages under a given amount.