[No. 5759-3-III.   Division Three.   July 19, 1984.]

Gerald Valley, *Appellant,* v. Steven
Hand, *Respondent.*

*Jonathan Lee,* for appellant.

*Howard K. Michaelsen,* for respondent.

MUNSON, C.J.—Gerald Valley appeals a Superior Court judgment entered on an appeal from small claims court, denying his request for attorney fees under RCW 4.84.250 and .290. The single issue on appeal is whether Mr. Valley was entitled to reasonable attorney fees. We conclude he was, and reverse and remand for determination of Mr. Valley's reasonable attorney fees in Superior Court.

Mr. Valley filed suit in small claims court, alleging Steven Hand was liable for veterinarian bills and dog replacement costs for shooting Mr. Valley's AKC registered doberman pinscher. In small claims court, Mr. Valley was awarded the amount pleaded, $524.85. Mr. Hand appealed to Superior Court pursuant to RCW 12.36.

Both parties submitted amended pleadings which included issues not raised in small claims court; the court, exercising its discretion, declined to allow the parties to expand the pleadings. JCR 75(b); RCW 12.36.050. The court concluded its review of the case was limited to the issues previously raised in small claims court, even though it was a trial de novo.

Mr. Hand was again found negligent. The court stated that although the evidence would have justified a larger judgment, Mr. Valley was limited to the amount determined by the small claims court, $524.85. The court concluded Mr. Valley was entitled to costs pursuant to RCW 4.84.130, but was not entitled to reasonable attorney fees under RCW 4.84.250–.290 because the case was a trial de novo,[1] and was not in the true nature of an appeal as that term is used in RCW 4.84.290. The court further concluded Mr. Valley was not the prevailing party as defined in RCW 4.84.260 and .270 because no offer of settlement had been made. He was allowed statutory attorney fees of $100 and $6 costs. RCW 4.84.080(1), .130.

---

[1] Rules for Appeal of Decisions of Courts of Limited Jurisdiction do not apply to small claims appeals. RALJ 1.1(a). *See* JCR 75(b).

■ Only a defendant who has a judgment against him which exceeds $100 can appeal from small claims court. RCW 12.40.120. In *Camas v. Kiggins,* 120 Wash. 40, 46, 206 P. 951 (1922), which involved an appeal from police court to superior court, our Supreme Court noted:

> [I]t seems quite plain to us that the trial of the case in the superior court *de novo,* as it must have been so tried upon the appeal that was taken thereto, was an exercise of the appellate jurisdiction of the superior court as the law contemplated, and was not the exercise of original jurisdiction by the superior court.

*Camas* is analogous to the present case. Thus, we hold the proceedings in the Superior Court constituted an appeal within the meaning of RCW 4.84.290, even though scope of review is trial de novo.

While a trial de novo is "treated just as actions originally commenced in Superior Court", *Springer v. Department of Licensing,* 24 Wn. App. 847, 850, 604 P.2d 994 (1979), and the appellant is entitled to a "'full and independent judicial, evidentiary, and factual review'", *Kaye v. Department of Licensing,* 34 Wn. App. 132, 133, 659 P.2d 548 (1983), it remains an appeal. We interpret RCW 4.84.260 (attorney fees when the plaintiff is deemed the prevailing party) and RCW 4.84.270 (attorney fees when the defendant is deemed the prevailing party) to apply only to the original trial of the action, not a trial de novo on appeal. RCW 4.84.250 states in part:

> Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is three thousand dollars [now $5,000] or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees.

Similarly, RCW 4.84.290 states:

If the case is appealed, the prevailing party on appeal shall be considered the prevailing party for the purpose of applying the provisions of RCW 4.84.250: . . .

In addition, if the prevailing party on appeal would be entitled to attorneys' fees under the provisions of RCW 4.84.250, the court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal.

RCW 4.84.250 states "the prevailing party as hereinafter defined" is entitled to attorney fees. RCW 4.84.260 defines plaintiff as prevailing party; RCW 4.84.270 defines defendant as prevailing party; both require offers of settlement. In RCW 4.84.290 the party who prevails on appeal is entitled to reasonable attorney fees regardless of whether he was plaintiff or defendant at the trial level. *See Harold Meyer Drug v. Hurd,* 23 Wn. App. 683, 598 P.2d 404 (1979). Further, RCW 4.84.290 makes no mention of offers of settlement.

Granted, one of the purposes of RCW 4.84.250–.310 is to "encourage out–of–court settlement of small claims, and to penalize parties who unjustifiably pursue or resist the claims", *Harold Meyer Drug v. Hurd, supra* at 687. Thus the offer of settlement serves a definite purpose before a judgment is entered. However, once a plaintiff has recovered a judgment in small claims court, and the defendant pursues an appeal, the plaintiff should not be forced to compromise his judgment in order to recover attorney fees. We do not mean to discourage settlements; we only hold an offer of settlement is not required to recover attorney fees on appeal. *See* RCW 4.84.290.

The judgment of the Superior Court is reversed and the case remanded to determine Mr. Valley's reasonable attorney fees incurred during the Superior Court appeal. On this appeal, he is awarded attorney fees of $1,192.50, as evidenced by his uncontradicted affidavit, and costs. Mr.

174

Hand's similar request is denied.

GREEN and McINTURFF, JJ., concur.

Reconsideration denied August 31, 1984.

Review denied by Supreme Court December 7, 1984.