[No. 53092–1.  En Banc.  March 5, 1987.]

VIRGINIA BECKMANN, *Petitioner,* v. SPOKANE TRANSIT AUTHORITY, *Respondent.*

*Kaiser, Douglass & Lewis* and *Bruce A. Kaiser,* for petitioner.

*Preston, Thorgrimson, Ellis & Holman* and *Edward G. Johnson,* for respondent.

DORE, J.—A successful personal injury plaintiff asks this court to award her reasonable attorney's fees pursuant to RCW 4.84.250 because the amount of recovery was less than $5,000.

## FACTS

The petitioner, Virginia Beckmann, was involved in a traffic accident with Doug Grover, who at the time was driving a bus for the Spokane Transit Authority. She filed a complaint against Grover and Spokane Transit but, because the case involved a claim for personal injuries, pursuant to RCW 4.28.360 she did not plead a specific amount in damages. She did, however, request reasonable attorney's fees and costs. At no time did either Spokane Transit or Grover request a statement of general and spe-

cial damages in accordance with RCW 4.28.360.

Beckmann attempted to settle the case prior to trial. On November 9, 1984, 11 days before trial, she submitted an offer of settlement to Spokane Transit for $3,000. The settlement expressly stated that it was made pursuant to RCW 4.84.280, and was not filed with the superior court. Spokane Transit never responded to the settlement offer.

A trial ensued, and during oral argument Beckmann's attorney asked for damages of $18,000. The trial court ruled in favor of Beckmann, but only awarded her $4,360. This award was not appealed. After trial, Beckmann moved the trial court to award her reasonable attorney's fees pursuant to RCW 4.84.250. The trial court, over the objection of Spokane Transit, granted Beckmann $2,050 as fees. Spokane Transit appealed to Division Three of the Court of Appeals, which reversed the fee award. Beckmann petitioned, and this court granted discretionary review.

RCW 4.84.250

When Beckmann filed her complaint, RCW 4.84.250 provided:

> Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20.060, in any action for damages *where the amount pleaded by the prevailing party* as hereinafter defined, exclusive of costs, is three thousand dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1981, the maximum amount of the pleading under this section shall be five thousand dollars.

(Italics ours.) The maximum amount under RCW 4.84.250 has been increased to $10,000. Laws of 1984, ch. 258, § 88, p. 1329.

A plaintiff is the prevailing party for purposes of RCW 4.84.250 "when the recovery, exclusive of costs, is as much as or more than the amount offered in settlement by the plaintiff . . ." RCW 4.84.260. RCW 4.84.280 sets forth the procedure for such a settlement offer, which requires that the offer be made at least 10 days prior to trial and that the

amount of the offer not be disclosed to the trial court prior to entry of judgment.

The Court of Appeals ruled that the trial court erred in granting attorney's fees. It cited an earlier case which interpreted that part of RCW 4.84.250 which states "the amount pleaded by the prevailing party" as requiring the plaintiffs specifically to plead RCW 4.84.250 in the complaint to put the defendants on notice that the plaintiffs are seeking attorney's fees. In *Tatum v. R & R Cable, Inc.*, 30 Wn. App. 580, 636 P.2d 508 (1981), *review denied*, 97 Wn.2d 1007 (1982), the plaintiffs sued a company for wrongfully clearing timber from their property. The action was brought under RCW 64.12.030, which allows treble damages, but not attorney's fees. The plaintiffs made settlement offers of $1,000, but it is not clear from the opinion whether the offers complied with RCW 4.84.280. In any event, the Court of Appeals reversed an award of attorney's fees, stating that RCW 4.84.250 must be specifically pleaded in the original complaint in order to put the defendants on notice that such fees were being sought. *Accord, Warren v. Glascam Builders, Inc.*, 40 Wn. App. 229, 698 P.2d 565 (1985) (analogizing attorney fee provisions in RCW 49.48.030 to RCW 4.84.250 and holding that the initial pleadings must contain reference to the statute granting fees).

■■ These opinions, however, give little justification for why notice at such an early stage is required. The purpose of RCW 4.84.250 is to encourage out–of–court settlements and to penalize parties who unjustifiably bring or resist small claims. *Valley v. Hand*, 38 Wn. App. 170, 684 P.2d 1341, *review denied*, 103 Wn.2d 1006 (1984); *Harold Meyer Drug v. Hurd*, 23 Wn. App. 683, 598 P.2d 404 (1979). Another appellate court referred to the statute's purpose as: "[t]he obvious legislative intent is to enable a party to pursue a meritorious small claim without seeing his award diminished in whole or in part by legal fees." *Northside Auto Serv., Inc. v. Consumers United Ins. Co.*, 25 Wn. App. 486, 492, 607 P.2d 890 (1980). Clearly, these purposes

require some type of notice so that parties would realize the amount of the claim is small and that they should settle or else risk paying the prevailing party's attorney's fees. However, it does not follow that such notice must be given at the original pleading stage.

Furthermore, RCW 4.28.360 prevents a party in a personal injury action from claiming a dollar amount of damages in the complaint. As the purpose of RCW 4.84.250, to encourage prompt and fair disposition of small claims, applies equally to personal injury actions, plaintiffs are put in the impossible position of not being able to avail themselves of RCW 4.84.250 because of the pleading requirements of RCW 4.28.360. Spokane Transit, however, argues that the plaintiff can plead RCW 4.84.250 in the complaint, alerting the defendant to the small amount of damages claimed, and still not claim a definite amount in the complaint.

Beckmann claims that this solution places an unfair burden on plaintiffs in personal injury cases. First of all, defendants in these cases can always request plaintiffs to provide a statement of special and general damages sought pursuant to RCW 4.28.360. Secondly, the offer of settlement provided to Spokane Transit in this case occurred 11 days prior to trial, and specifically mentioned RCW 4.84-.280. This provided actual notice to Spokane Transit prior to trial which was sufficient to give Spokane Transit an opportunity to settle, thereby saving both sides considerable expense. In *West Coast Stationary Eng'rs Welfare Fund v. Kennewick,* 39 Wn. App. 466, 694 P.2d 1101 (1985), a different division of the Court of Appeals held that RCW 4.84.330, a statute granting fees to successful plaintiffs in certain contract cases, did not need to be pleaded in order to be used so long as actual notice was given. Beckmann asserts that the holding in *West Coast* is inconsistent with the holding in *Tatum* and *Warren,* and that the 10-day notice provision in RCW 4.84.280 should be sufficient to apprise the defendants that attorney's fees are being sought.

We agree. While it is clear that the overriding purpose of allowing plaintiffs to pursue and settle small claims requires that the defendants be put on notice, RCW 4.84-.280, the statute governing the settlement offer, will assure that sufficient notice is given. Furthermore, while a plaintiff could be required to plead RCW 4.84.250 in his or her complaint, this makes little sense in personal injuries when pursuant to RCW 4.28.360 the complaint will not state the actual amount of damages plaintiff seeks. We therefore decline to follow the Court of Appeals narrow construction of the pleading requirement in RCW 4.84.250. Insofar as *Tatum* and *Warren* are inconsistent with this holding, they are hereby overruled.

Two more issues are presented by this appeal. First, Beckmann asserts that Spokane Transit has waived its right to appeal the issue of adequate notice because Spokane Transit did not object to the notice at trial. The record does not bear out this contention. While trial was held on November 20, 1984, the trial was solely to determine Spokane Transit's liability and amount of damages suffered by Beckmann. The issue of attorney's fees was not argued until after this award was determined (because pursuant to RCW 4.84.260 it was not possible to determine whether plaintiff was the prevailing party until the trial court's award was compared with the settlement offer). Spokane Transit, however, did object to the attorney's fees award, and did raise the issue of notice. Clerk's Papers, at 6–9 (Memorandum of Defendant Opposing Attorney Fees). Beckmann's waiver argument is meritless.

■ Spokane Transit argues that Beckmann waived her right to attorney's fees under RCW 4.84.250 because in closing argument her attorney claimed $18,000 damages, well above the statutory limit of $5,000 (now $10,000). We do not believe this request constituted a waiver. First of all, Spokane Transit could have required Beckmann to present a dollar amount of damages sought well before trial pursuant to RCW 4.28.360. Had this amount exceeded $5,000, RCW 4.84.250 would not have applied. Secondly, the pur-

pose of RCW 4.84.250 is to prevent trials and encourage settlements. Therefore, anything occurring during trial has no effect on the applicability of this statute. Thirdly, had Beckmann pleaded an award of $5,000, she still could have received a larger award at trial if the court believed she was entitled to it. CR 54(c); *Draper Mach. Works, Inc. v. Hagberg*, 34 Wn. App. 483, 663 P.2d 141 (1983).

CONCLUSION

The Court of Appeals decision denying the trial court's award of attorney's fees is reversed and the trial court's award of $2,050 in fees is reinstated. Attorney's fees on appeal were not requested, and none shall be awarded.

PEARSON, C.J., and UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.