[No. 11558-5-III.   Division Three.   July 30, 1992.]

LAST CHANCE RIDING STABLE, INC., *Petitioner,* v. TOMMY STEPHENS, ET AL, *Respondents.*

*John P. Lynch,* for petitioner.

*Martin Gales,* for respondents.

THOMPSON, J. — Last Chance Riding Stable, Inc., obtained two judgments against Tommy and Debbie Stephens in the small claims department of Spokane County District Court. On Stephenses' appeal to Spokane County Superior Court, both judgments were reversed and both lawsuits were dismissed. Attorney fees were awarded to Stephenses. Last Chance seeks review of the dismissal and award of attorney fees. We affirm the dismissal, but reverse the attorney fee award.

Last Chance contends the Superior Court lacked jurisdiction because Stephenses filed their notice of appeal 19 days after the judgments were entered in the small claims depart-

ment. According to Last Chance, CRLJ 73(b) applies to appeals of small claims judgments and requires filing of an appeal notice within 14 days after judgment. Alternatively, CRLJ 72 provides that appeals to superior court from courts of limited jurisdiction are governed by the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ). RALJ 2.5(a) requires filing of a notice of appeal within 14 days also.

CRLJ 73(b) does not apply to small claims proceedings. As set forth in CRLJ 81(a):

> These rules govern all civil proceedings except as provided in this rule. *These rules do not* apply where inconsistent with rules or statutes applicable to special proceedings, nor do they *apply to proceedings in small claims court.* In a court in which the proceedings are not recorded and review is by trial de novo, these rules apply to the extent practicable; in these courts, rules referring to recording or an appeal on the record should be disregarded.

(Italics ours.) Additionally, the RALJ "do not apply to review of a small claims court operating under RCW 12.40". RALJ 1.1(a).

■■ RCW 12.40 places certain restrictions on appeals of small claims judgments, but does not specify an appeal period.[1] A 20-day appeal period is specified in RCW 12.36-.020 for appeals rendered in district court.[2] Since the court rules specifically exclude small claims proceedings, RCW 12.36.020 is not in conflict with them. Statutory provisions and court rules should be harmonized whenever possible

---

[1]RCW 12.40.120 provides:

"No appeal shall be permitted from a judgment of the small claims department of the district court where the amount claimed was less than one hundred dollars. No appeal shall be permitted by a party who requested the exercise of jurisdiction by the small claims department where the amount claimed was less than one thousand dollars."

[2]RCW 12.36 governs appeals of decisions rendered by "justices of the peace" in "justice court". The Court Improvement Act of 1984 provides that all references to "justices of the peace" and "justice courts" in "other titles of the Revised Code of Washington" should be construed as meaning district court judges and district courts. RCW 3.30.015.

and interpreted to give effect to both provisions. *Emwright v. King Cy.*, 96 Wn.2d 538, 543, 637 P.2d 656 (1981). Stephenses' appeal to superior court was timely and the court had jurisdiction.

We address next the contention by Last Chance that the Superior Court erred in awarding attorney fees because Stephenses did not give notification that they were seeking fees prior to the trial de novo. Stephenses contend no prior notice was required and they were entitled to fees pursuant to *Valley v. Hand*, 38 Wn. App. 170, 172, 684 P.2d 1341, *review denied*, 103 Wn.2d 1006 (1984). The trial court awarded attorney fees pursuant to RCW 4.84.250[3] and RCW 4.84.290.[4]

In *Valley*, an unsuccessful small claims defendant appealed to superior court. However, unlike this case, the unsuccessful small claims defendant did *not* prevail in the trial de novo. The issue in *Valley* was whether a successful small claims plaintiff, who also prevails on appeal, has a right to attorney fees on appeal without having made any offer of settlement. *Valley* held an offer of settlement was not required. However, the issue presented in *Valley* is not presented here.

Requiring an offer of settlement or other prior notice of intent to seek attorney fees under the facts presented here fulfills the purpose of RCW 4.84.250-.300. As stated in *Beckmann v. Spokane Transit Auth.*, 107 Wn.2d 785, 788-89, 733 P.2d 960 (1987):

---

[3]RCW 4.84.250 provides:

"Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars."

[4]RCW 4.84.290 states in pertinent part: "[I]f the prevailing party on appeal would be entitled to attorneys' fees under the provisions of RCW 4.84.250, the court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal."

The purpose of RCW 4.84.250 is to encourage out-of-court settlements and to penalize parties who unjustifiably bring or resist small claims. *Valley v. Hand*, 38 Wn. App. 170, 684 P.2d 1341, *review denied*, 103 Wn.2d 1006 (1984); *Harold Meyer Drug v. Hurd*, 23 Wn. App. 683, 598 P.2d 404 (1979). Another appellate court referred to the statute's purpose as: "[t]he obvious legislative intent is to enable a party to pursue a meritorious small claim without seeing his award diminished in whole or in part by legal fees." *Northside Auto Serv., Inc. v. Consumers United Ins. Co.*, 25 Wn. App. 486, 492, 607 P.2d 890 (1980). Clearly, these purposes require some type of notice so that parties would realize the amount of the claim is small and that they should settle or else risk paying the prevailing party's attorney's fees.

Since Last Chance prevailed in small claims court, its claims were not "unjustifiable". If attorney fees were awarded unsuccessful small claims defendants prevailing on appeal without requiring prior notice or a settlement offer, one of the purposes of RCW 4.84.290 and the purpose for small claims departments would be thwarted. A party should be allowed to pursue a meritorious small claim without fear that not only may a small claims judgment be reversed on appeal, the party may be held liable for attorney fees in an amount exceeding the small claims judgment without notice and the opportunity to settle.

The record fails to show Last Chance was given notice of Stephenses' attempt to seek attorney fees. The fees were improperly awarded.

We affirm the Superior Court's dismissal of the lawsuits brought by Last Chance and reverse the award of attorney fees.

SHIELDS, C.J., and SWEENEY, J., concur.