51 P.3d 130 (2002)
112 Wash.App. 818
Ernest LAY and Linda Lay, husband and wife; and Harvey Lay and Esther Lay, husband and wife, Respondents,
v.
Stephen HASS and Diane Hass, husband and wife, Appellants.
No. 27767-1-II.
Court of Appeals of Washington, Division 2.
August 2, 2002.
*131 Shelly K. Speir, Tacoma, for Appellants.
Brian Lloyd McCoy, Puyallup, for Respondents.
BRIDGEWATER, J.
Defendants Stephen and Diane Hass appeal the trial court's order awarding nominal damages and attorney fees,[1] under RCW 4.84.250, to plaintiffs Ernest and Linda Lay. We hold that a filing of a motion for nominal damages and attorney fees, supported by a memorandum that specifically mentioned the amount of damages and the statute, RCW 4.84.250, was sufficient notice under the statute. The notice was timely even though it was filed after their motion for summary judgment because it was more than a month before the court ruled on the summary judgment. We affirm the trial court's award of attorney fees under RCW 4.84.250 and award reasonable attorney fees on appeal under RCW 4.84.290.
*132 In August 2000, a property line dispute arose between neighbors Ernest and Linda Lay (Lays) and Stephen and Diane Hass (Hasses) when the Hasses erected a new fence on the Lays' property.[2]
On September 15, 2000, the Lays filed a complaint to quiet title. In their complaint, the Lays alleged that the Hasses' actions constituted trespass, encroachment, and deliberate interference with their rights, specifically their use of their property and road. The Lays also alleged that the Hasses did not meet the elements of prescriptive easement. The Lays asked the trial court for (1) a temporary cease and desist order requiring the Hasses to immediately stop working on their fence and to stop interfering with the access road; (2) damages for trespass and encroachment; (3) treble damages for the value of any vegetation damage; (4) a permanent injunction prohibiting the Hasses from encroaching on their property; and (5) attorney fees and costs.[3]
Although the Hasses purchased their property in 1995, making them five years short of the required 10-year adverse possession period, they asserted that they could tack on their predecessor's use to meet the 10-year period. The Lays, however, obtained a written declaration from the Hasses' predecessor, Paula Busching, in which Busching stated that there was never a fence on the property and that her use of the property in dispute was always permissive.
In a letter dated November 14, 2000, the Lays conveyed a settlement offer wherein they stated that they would "vigorously pursue an award of attorney's fees as part of the judgment."[4] Clerk's Papers (CP) at 107; 247. The trial court granted the Lays' temporary cease and desist order, but the Hasses did not accept the Lays' settlement offer. The Lays filed a motion for summary judgment on March 15, 2001, which encompassed all of their claims including their claims for damages and attorney fees and costs.
On May 11, 2001, before the trial court ruled on the Lays' summary judgment motion, the Lays filed a motion for nominal damages and attorney fees, in which they specifically pleaded attorney fees under RCW 4.84.250. In a declaration, the Lays' attorney set forth his fees and costs up to that point at $7,596.55.
The trial court granted the Lays' summary judgment motion and, in a written decision filed June 15, 2001, awarded the Lays $360 for the trees and shrubs the Hasses removed and $73 for the Hasses' occupation of their land. It denied, however, the Lays' request for attorney fees under RCW 4.84.250 because the record did not reflect that the Hasses received notice of the statute.
The Lays then filed a motion for reconsideration on June 26, 2001, in which they argued that they gave the Hasses notice of RCW 4.84.250 in their May 8, 2001 motion for nominal damages and attorney fees. The trial court, in a written decision dated June 28, 2001, granted the motion and awarded the Lays $13,545.05 in attorney fees in addition to the $433 in damages it awarded earlier.
The issues on appeal are whether the trial court erred in finding that the Lays properly gave notice of RCW 4.84.250 to the Hasses and, if so, whether the award of attorney fees to the Lays was unreasonably excessive. The Lays also seek attorney fees on appeal. We will overturn a trial court's award of attorney fees only for a manifest abuse of discretion. See Bowles v. Washington Dept. of Ret. Sys., 121 Wash.2d 52, 71-72, 847 P.2d 440 (1993).

*133 I. Award of attorney fees

A court may award reasonable attorney fees to the prevailing party as provided by private agreement, statute, or a recognized ground of equity. Fisher Props., Inc. v. Arden-Mayfair, Inc., 106 Wash.2d 826, 849-50, 726 P.2d 8 (1986). The settlement offer statute, RCW 4.84.250, provides an award of attorney fees to the prevailing party as follows:
Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars.
The "prevailing party" is defined in RCW 4.84.260 as follows:
The plaintiff, or party seeking relief, shall be deemed the prevailing party within the meaning of RCW 4.84.250 when the recovery, exclusive of costs, is as much as or more than the amount offered in settlement by the plaintiff, or party seeking relief, as set forth in RCW 4.84.280.
Although not provided for in RCW 4.84.250, common law requires that the party from whom attorney fees are sought receive notice before trial that it may be subject to fees under the statute. Pub. Utils. Dist. No. 1 of Grays Harbor County v. Crea, 88 Wash.App. 390, 393-94, 945 P.2d 722 (1997), review denied, 134 Wash.2d 1021, 958 P.2d 316 (1998). But the notice requirement does not require the party seeking attorney fees to specifically plead RCW 4.84.250 or to ask for attorney fees. P.U.D. No. 1, 88 Wash.App. at 394, 945 P.2d 722. Actual notice is sufficient. P.U.D. No.1, 88 Wash.App. at 394, 945 P.2d 722.
The purpose of notice requirement is to "encourage out-of-court settlements and to penalize parties who unjustifiably bring or resist small claims." P.U.D. No. 1, 88 Wash.App. at 394, 945 P.2d 722 (quoting Beckmann v. Spokane Transit Auth., 107 Wash.2d 785, 788-89, 733 P.2d 960 (1987)). Another purpose is to "enable a party to pursue a meritorious small claim without seeing his award diminished in whole or in part by legal fees." P.U.D. No. 1, 88 Wash.App. at 394, 945 P.2d 722 (quoting Beckmann, 107 Wash.2d at 788-89, 733 P.2d 960). Clearly, these purposes require some type of notice so that the parties will "realize [that] the amount of the claim is small and that they should settle or else risk paying the prevailing party's attorney's fees." P.U.D. No. 1, 88 Wash.App. at 394, 945 P.2d 722 (quoting Beckmann, 107 Wash.2d at 788-89, 733 P.2d 960).
Here, the Hasses argue that the Lays did not give them adequate notice before they filed their summary judgment motion that they intended to seek attorney fees under RCW 4.84.250. The Lays never specifically pleaded the amount of damages until they filed their motion for an award of damages and attorney fees, which occurred after they filed their motion for summary judgment. Here, the trial court determined that the Lays satisfied the notice requirement under RCW 4.84.250 because they filed their motion for award of nominal damages and attorney fees before trial. It rejected the Hasses' argument that notice needed to come before the Lays filed their summary judgment motion because the motion would essentially terminate the case on its merits. We agree.
As a matter of policy, although the Lays filed their motion for attorney fees and damages after they filed their motion for summary judgment, they still filed it more than a month before the trial court filed its ruling on the Lays' summary judgment motion. This gave the Hasses the opportunity to settle the case with the Lays. In their motion for attorney fees and damages, the Lays specifically set forth their damages at $360 for the Hasses' removal of small trees and underbrush and $73 for the Lays' pro-rata portion of land tax assessed on the area the Hasses occupied. Their attorney's and Ernie Lay's declarations, filed on the same day as the motion, also set forth attorney fees at $7,596.55. It is clear from the motion that *134 the Lays' requested damages totaled $433, an amount in controversy less than $10,000, making RCW 4.84.250 applicable. See Kobza v. Tripp, 105 Wash.App. 90, 95, 18 P.3d 621 (2001) (a quiet title action is a claim for equitable relief; thus, damages are ordinarily not allowed).
Thus, the Lays' motion for attorney fees and damages was sufficient notice under RCW 4.84.250 to apprise the Hasses that the amount in controversy was only $433, the true value of their case, and that the Lays sought attorney fees only if they prevailed. The Hasses had the opportunity before the court's last summary judgment motion hearing on June 8, 2001, and its written decision on June 11, 2001, to settle the case or to meet the Lays' demand for damages with their own settlement offer, but they did not do so. Thus, the Hasses had notice of the Lays' intent to seek an award of attorney fees, and the Lays made a timely settlement offer to the Hasses in their November 14, 2000 letter. Furthermore, the Lays' motion for nominal damages and attorney fees set forth clearly the exact damages they sought, $433. The trial court did not err in finding RCW 4.84.250 applicable.

II. Excessiveness of attorney fees
The Hasses also contend that the trial court's award of $13,545.05[5] in attorney fees was unreasonably excessive in that it was 31 times the actual value of the Lays' case, which was $433.
"[A] reviewing court will not overturn a decision to grant or deny attorney fees absent a showing of a manifest abuse of discretion." Mackey v. Am. Fashion Inst. Corp., 60 Wash.App. 426, 429, 804 P.2d 642 (1991) (citing Bill of Rights Legal Found. v. Evergreen State College, 44 Wash.App. 690, 696, 723 P.2d 483 (1986)).
The Lays' attorney provided an invoice and declaration as to the number of hours he expended on the Lays' case and his hourly wage, which amounted to $13,545.05. The Hasses' only argument regarding excessiveness on appeal is that the attorney fees awarded were 31 times the case's actual value. The Hasses do not specifically dispute the hourly wage of the Lays' attorney, the number of hours he expended, the difficulty of the case, or his quality of representation. See Boeing Co. v. Sierracin Corp., 108 Wash.2d 38, 65, 738 P.2d 665 (1987) (the reasonableness of the hourly rate and reasonable amount of time required to present the party's case should be considered, along with the type of case involved). Thus, the Hasses have not met their burden of demonstrating that the court abused its discretion in awarding $13,545.05 in attorney fees.[6]
Furthermore, the policy of RCW 4.84.250 is to punish parties who resist small claims. When the Lays filed their motion for nominal damages and attorney fees, they had already accumulated $7,596.55 in attorney fees. In a supplemental declaration, the Lays' attorney asserted an additional $5,948.50 in attorney fees.[7] When the Lays filed their motion for attorney fees, albeit after their motion for summary judgment, the Hasses knew that the Lays sought only $433 in damages, a small claim that they decided to resist. Thus, although the attorney fees in this case amounted to 31 times the actual value of the case, the trial court did not abuse its discretion when it reasoned that "in accordance with the spirit of the statute and the history of this case that $13,545.05 is a reasonable and just figure." CP at 265.

III. Attorney fees on appeal
RCW 4.84.290 allows an award to the Lays, as the prevailing party on appeal, *135 attorney fees on appeal. RCW 4.84.290 provides in part as follows:
In addition, if the prevailing party on appeal would be entitled to attorneys' fees under the provisions of RCW 4.84.250, the court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal.
We award attorney fees for the appeal to the Lays upon their compliance with RAP 18.1(d).
Affirmed.
ARMSTRONG, J., and HUNT, C.J., concur.
NOTES
[1] The Hasses' amended notice of appeal indicates they are appealing the trial court's order awarding nominal damages and attorney fees, the judgment, and the order denying motion for reconsideration. However, the Hasses only raise the issue of attorneys fees in their appellants' brief.
[2] The 40-acre parcel the Lays' parents originally owned included both the Hasses' and Lays' property. In 1975, the Lays' parents divided the property, deeding the Lays the largest parcel, selling a third parcel to the Hasses' predecessor, and keeping a smaller parcel for themselves.
[3] Although not raised, we note that Division III has held that a claim for damages can be joined with claims for other relief, i.e., injunction, and RCW 4.84.250 is still applicable. Hanson v. Estell, 100 Wash.App. 281, 289-90, 997 P.2d 426 (2000).
[4] Although the Lays assert that this is sufficient notice under the statute, we do not have to reach that issue because of our holding that the motion, which specifically sets forth the nominal claim and the statute, is sufficient.
[5] The Hasses indicate in their appellants' brief that the trial court awarded $13,545.05 in attorney fees to them, however, the amended judgment (filed October 19, 2001) includes an additional $279.56 for interest not noted or addressed by the parties. The amended judgment reflects that the total principal judgment amount is $13,978.05, plus interest of $279.56 in which, when totaled, equals $14,257.61 (including the nominal damages award of $433).
[6] We note that there was no motion to apportion the attorney fees between the claim for damages and the quiet title claim. Because neither party raised the issue, we do not address the propriety of such a motion.
[7] The supplemental invoice for attorney fees in the record indicate additional fees totaling $5,808.50. CP at 255-56.