215 P.3d 1049 (2009)
Clint KALICH, Respondent,
v.
Dennis CLARK, Appellant.
No. 27377-6-III.
Court of Appeals of Washington, Division 3.
September 24, 2009.
*1050 David P. Boswell, Ethan A. King, Boswell Law Firm PS, Spokane, WA, for Appellant.
John C. Riseborough, Vicki L. Mitchell, Paine Hamblen LLP, Spokane, WA, for Respondent.
SWEENEY, J.
¶ 1 Where a statute authorizes the award of attorney fees, an appellate court has jurisdiction to award costs, including attorney fees, even when it reverses for lack of personal or subject matter jurisdiction. Scott Fetzer Co., Kirby Co. Div. v. Weeks, 114 Wash.2d 109, 114-16, 786 P.2d 265 (1990); Thurston County v. Scammel, 7 Wash. 94, 95, 34 P. 470 (1893). Here, a district court judge entered a judgment for the respondent. A superior court, on appeal, concluded that the district court lacked subject matter jurisdiction and reversed. The superior court denied the appellant's request for attorney fees on appeal. We conclude that this was error. The superior court had jurisdiction to award fees and a statute authorized the award. We, therefore, reverse and remand for calculation of an award of attorney fees and costs. And we award the appellant fees and costs for this appeal.

FACTS
¶ 2 Clint Kalich sued Dennis Clark in district court for $1,883. That sum represented a portion of the cost of repaving an easement road that both parties use. Mr. Kalich claimed that Mr. Clark had a duty to help pay road maintenance costs. The court entered judgment for Mr. Kalich in the amount pleaded plus costs of $54.97, for a total judgment of $1,937.97. Mr. Clark appealed for trial de novo to the superior court.
¶ 3 Before the trial de novo, Mr. Kalich and Mr. Clark agreed that the district court lacked subject matter jurisdiction over Mr. Kalich's claim because the claim was grounded in equity rather than in contract and courts of limited jurisdiction do not have equity jurisdiction. They discussed dismissal. Mr. Clark told Mr. Kalich that he would agree to a stipulated dismissal only if Mr. Kalich paid his attorney fees and costs for the appeal. He also offered to settle his appeal for $10,000. Mr. Kalich declined to pay Mr. Clark's attorney fees and refused the offer to settle. But he conceded that the district court lacked jurisdiction to enter judgment on his claim. The superior court agreed and reversed the judgment.
¶ 4 Mr. Clark then moved for attorney fees and costs on the appeal under chapter 4.84 RCW. The superior court concluded that it had jurisdiction to hear the appeal and that RCW 4.84.250 authorized an award of attorney fees and costs. It, accordingly, awarded Mr. Clark $15,000 in attorney fees and costs.
¶ 5 Mr. Kalich moved for reconsideration. The superior court concluded that it lacked appellate jurisdiction to award attorney fees because it lacked subject matter jurisdiction over the original claim. It then reversed the award and ordered each party to pay his own fees and costs.

*1051 DISCUSSION
¶ 6 Mr. Clark appeals the superior court's decision reversing its award of attorney fees and costs. He contends he is entitled to the award because (1) the superior court had jurisdiction to award attorney fees and costs on appeal even though the district court lacked subject matter jurisdiction over Mr. Kalich's claim; and (2) chapter 4.84 RCW authorizes an award of fees and costs here.

JURISDICTION
¶ 7 Whether a court has jurisdiction to award fees is a question of law we review de novo. Conom v. Snohomish County, 155 Wash.2d 154, 157, 118 P.3d 344 (2005).
¶ 8 In Scammel, the Supreme Court announced that "where an action is dismissed for want of jurisdiction no costs can be awarded to either party unless expressly authorized by statute." Scammel, 7 Wash. at 95, 34 P. 470. There, a county sued its taxpayers under the revenue act of 1891 for back-taxes. Id. The revenue act was repealed before the case went to trial, so the trial judge dismissed the action for lack of jurisdiction and awarded the taxpayers attorney fees and costs. Id. The county appealed the award to the Supreme Court. Id. It argued that the award was void because the trial court lacked authority to grant it. Id. The Supreme Court reversed the award because the statute in question did not authorize fees, not because the trial court lacked jurisdiction to award those fees. Id. at 96-97, 34 P. 470. The statute allowed fees and costs to the "prevailing party," but "neither party had `prevailed,' for the reason that no matter either of law or fact had been determined." Id. at 96, 34 P. 470.
¶ 9 A different rule was announced in State ex rel. Egbert v. Superior Court, 9 Wash. 369, 37 P. 489 (1894). There, the court held that "if the court from which an appeal is taken [i.e., the district court] had no jurisdiction of the subject matter, and for that reason its judgment was absolutely void, the appellate court [superior court] by virtue of the appeal can get no jurisdiction to do more than to reverse the judgment, or dismiss the appeal." Id. at 370, 37 P. 489. Mr. Egbert appealed a $109 small claims judgment against him to the superior court. Id. at 369, 37 P. 489. The superior court affirmed and enforced the judgment and ordered Mr. Egbert to also pay costs. Id. at 369-70, 37 P. 489. Mr. Egbert petitioned the Supreme Court for a writ of certiorari, apparently arguing that the small claims court lacked subject matter jurisdiction over the claim because it exceeded $100. See id. at 370-71, 37 P. 489. The court agreed that the small claims court lacked subject matter jurisdiction over the claim against Mr. Egbert and granted certiorari. Id. at 371, 37 P. 489. The court did not, however, address, discuss, or reverse the award of costs. Id. at 371-72, 37 P. 489.
¶ 10 The court in Scott Fetzer Co. followed the rule announced in Scammel. Scott Fetzer Co. involved a suit for tortious interference with a contract. 114 Wash.2d at 111, 786 P.2d 265. The superior court dismissed the action on the ground that it violated the long-arm statute, and it awarded the defendant attorney fees and costs under the long-arm statute. Id. The Court of Appeals reversed the award, concluding that the long-arm statute did not authorize fees and costs because the defendant did not prevail on the merits of the case. Id. at 112, 786 P.2d 265. The Supreme Court concluded that the long-arm statute did authorize the award and reversed the Court of Appeals. Id. It held that a "[trial] court, having jurisdiction to determine its jurisdiction, has the power to award costs even if jurisdiction is found to be wanting." Id. at 116, 786 P.2d 265. In doing so, it expressly rejected the rule referred to in Egbert that costs are never recoverable where a case is dismissed for lack of jurisdiction. Id. at 115, 786 P.2d 265. It also expressly noted that its decision was in line with Scammel's rule that costs cannot be awarded where an action is dismissed for lack of jurisdiction, unless expressly authorized by statute. Id. at 114-15, 786 P.2d 265.
¶ 11 We conclude, then, that a court has jurisdiction to award costs, including attorney fees, even where it determines that it lacks personal jurisdiction over a party or subject matter jurisdiction over the claim, as long as a statute authorizes the award. Id. *1052 at 114-16, 786 P.2d 265; Scammel, 7 Wash. at 95, 34 P. 470. This rule applies regardless of whether the trial court or the appellate court awards the fees; both courts can award fees as long as a statute authorizes the award. See Scott Fetzer Co., 114 Wash.2d at 111, 786 P.2d 265 (fees awarded by superior court acting as trial court); see also Valley v. Hand, 38 Wash.App. 170, 684 P.2d 1341 (1984) (reversing decision to deny attorney fees by superior court acting in appellate capacity).
¶ 12 The court here, then, had jurisdiction over Mr. Clark's appeal of the district court's judgment. CRLJ 72. And it, therefore, had authority to award attorney fees to Mr. Clark if a statute authorized the award even though the court ultimately voided the district court judgment for lack of subject matter jurisdiction. Scott Fetzer Co., 114 Wash.2d at 114-16, 786 P.2d 265.

CHAPTER 4.84 RCW
¶ 13 We review de novo whether RCW 4.84.250-.300 (attorney fees provisions for damage actions of $10,000 or less) authorized the superior court to award Mr. Clark the attorney fees and costs he incurred appealing the district court judgment. McConnell v. Mothers Work, Inc., 131 Wash.App. 525, 531, 128 P.3d 128 (2006).
¶ 14 RCW 4.84.250 entitles the "prevailing party" to attorney fees in a suit for damages of $10,000 or less. When such suit is appealed, the party who prevails on appeal is the "prevailing party" for purposes of awarding fees. RCW 4.84.290. So, if an unsuccessful small claims defendant (like Mr. Clark) prevails on appeal, he is entitled to fees under RCW 4.84.290 only if he can show that he offered to settle the appeal or otherwise notified the opposing party of his intent to seek attorney fees before the trial de novo. Last Chance Riding Stable, Inc. v. Stephens, 66 Wash.App. 710, 713-14, 832 P.2d 1353 (1992). "Actual notice is sufficient." Lay v. Hass, 112 Wash.App. 818, 824, 51 P.3d 130 (2002). And the notice need not include a specific reference to RCW 4.84.250. See Last Chance, 66 Wash.App. at 713, 832 P.2d 1353.
¶ 15 RCW 4.84.250, .290, and Last Chance authorize a fee award here. Mr. Kalich received a judgment of less than $10,000 in district court. Mr. Clark appealed the judgment to the superior court. And the superior court reversed the judgment and dismissed Mr. Kalich's claim without prejudice on December 14, 2007. The case never proceeded to a trial de novo. Mr. Clark, then, prevailed on appeal because the judgment against him was reversed. Singer v. Etherington, 57 Wash.App. 542, 547, 789 P.2d 108, 802 P.2d 133 (1990). He also provided actual notice to Mr. Kalich that he was seeking attorney fees before the date scheduled for trial de novo. Mr. Clark notified Mr. Kalich by letter dated October 18, 2007, of his intent to seek attorney fees in exchange for a stipulated vacation of the district court judgment. He also offered to settle the appeal for $10,000 in a letter dated December 6, 2007.
¶ 16 We, therefore, reverse the superior court's order denying Mr. Clark's request for fees and remand for calculation of an attorney fees award.

ATTORNEY FEES ON APPEAL
¶ 17 Mr. Clark also requests an award of fees and costs for this appeal. A party on appeal is entitled to attorney fees where a statute authorizes the award. RAP 18.1(a). Mr. Clark asserts that RCW 4.84.290 entitles him to attorney fees for this appeal and that RCW 4.84.010 and .060 entitle him to the costs of this appeal.
¶ 18 RCW 4.84.290 requires that we award the prevailing party attorney fees for an appeal if the prevailing party would be entitled to attorney fees under RCW 4.84.250. And RCW 4.84.010 entitles a prevailing party to costs. Mr. Clark is the prevailing party in this appeal. And he is entitled to fees under RCW 4.84.250. We, therefore, award Mr. Clark additional attorney fees and costs for this appeal.
¶ 19 We, then, reverse and remand for calculation of an award of attorney fees incurred on appeal to the superior court and *1053 fees and costs incurred on appeal to the Court of Appeals.
WE CONCUR: SCHULTHEIS, C.J., and KORSMO, J.