IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SHERI M. OERTEL, | ) | No. 40387-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| ADRIANA L. LOPEZ, DBA ART'S | ) | |
| LANDSCAPING, & ARTURO LOPEZ, | ) | |
| | ) | |
| Petitioners. | ) | |

LAWRENCE-BERREY, C.J. — The Civil Rules for Courts of Limited Jurisdiction
(CRLJ) do not apply to proceedings in small claims court. But once a case is appealed
from small claims court to superior court, CRLJ 72-75A applies to the superior court
proceeding.

Here, the superior court sitting in review of a small claims court decision
determined that CRLJ 73 did not apply and denied a motion to dismiss the appeal for the
appealing party's failure to file a bond as required by CRLJ 73(c). We conclude (1) the
superior court erred by determining that CRLJ 73 did not apply in superior court, and
(2) CRLJ 73(c) does not require the superior court to promptly dismiss an appeal for
failure to file such a bond.

FACTS

Sheri Oertel hired Adriana Lopez to perform landscaping work on her property. Oertel later brought an action against Lopez in small claims court for breach of contract, among other theories.  The court rejected most of Oertel's claims but found that Lopez breached the contract with respect to the retaining wall.  The court entered judgment for Oertel and against Lopez for $3,861.50.

Oertel appealed the small claims court decision to superior court.  Later, Lopez moved to dismiss the appeal because Oertel failed to file a $100 bond as required by CRLJ 73(c).  The trial court, relying on unpublished authority, concluded that CRLJ 73 did not apply to the appeal and denied Lopez's motion to dismiss.

Lopez sought discretionary review with this court.  Our commissioner granted discretionary review because the superior court's decision conflicted with *Goodeill v. Madison Real Estate*, 191 Wn. App. 88, 97, 362 P.3d 302 (2015).

LAW

The proper construction of our court rules is a question of law that we review de novo.  *Jafar v. Webb*, 177 Wn.2d 520, 526, 303 P.3d 1042 (2013).

CRLJ 73 applies to appeals of limited jurisdictional court proceedings that are not reviewed under the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ).  CRLJ 73(a).  Appeals from small claims courts are not reviewed under the

RALJ rules. RALJ 1.1(b). Thus, CRLJ 73 applies to appeals from small claims court decisions. *Goodeill*, 191 Wn. App. at 97.

Ortel cites CRLJ 81 to support her argument that CRLJ 73 does not apply to appeals of small claims court decisions. We disagree. CRLJ 81(a) states in relevant part, "These rules do not apply to proceedings in small claims court." Here, the appeal was in superior court. Thus, CRLJ 81 does not support Oertel's argument.[1]

Having concluded that CRLJ 73 applies to a superior court's review of a small claims court decision, we must now decide whether CRLJ 73 requires the superior court to dismiss Oertel's appeal for not filing a bond.

CRLJ 73(c) states a bond "shall be . . . filed with and approved by the court of limited jurisdiction . . . in the sum of $100, conditioned that the appellant will pay all costs that may be awarded against appellant on appeal." CRLJ 73(f) states, "No appeal . . . shall be dismissed on account of any defect in the bond on appeal, if the appellant, before the motion is determined, shall execute and file in the superior court [a proper bond] and pay all costs that may have accrued by reason of such defect."

---

[1] In *Last Chance Riding Stable, Inc. v. Stephens*, 66 Wn. App. 710, 712, 832 P.2d 1353 (1992), we quoted CRLJ 81 and noted that CRLJ 73(b) does not apply to small claims proceedings. To the extent *Last Chance* can be construed as saying CRLJ 73 does not apply to *superior court proceedings*, we disagree with it.

Lopez argues that CRLJ 73(f) requires the superior court to dismiss the appeal because Oertel did not file the $100 bond. To the extent her argument implies that the superior court lacks discretion to do anything other than to promptly dismiss Oertel's appeal, we disagree. CRLJ 73(c) requires an appellant to file a bond, but nothing in CRLJ 73 forbids the superior court from giving the appellant additional time to comply with the rule's bonding and payment of costs requirements. The only limitation on the court's discretion is that it *cannot dismiss* an appeal if the appellant files the bond and pays the respondent its associated costs before the motion is determined. Read as a whole, although the rule requires an appellant to file a bond, it does not limit the court's discretion to give the appellant additional time to comply with the rule's bonding and payment of costs requirements.

On remand, Oertel must file a $100 bond and pay all of Lopez's costs that may have accrued by Oertel's failure to file a bond. If Oertel fails to do both before the superior court decides Lopez's motion to dismiss, the superior court may dismiss the appeal or it may give Oertel additional time to comply with the rule's bonding and payment of costs requirements.

No. 40387-4-III
*Oertel v. Lopez*

Reversed.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Cooney, J.