[No. 35979-7-I.    Division One.    August 19, 1996.]

*In the Matter of the Estate of* ARTHUR R. TOSH.

RITA COLLEEN WILLIS, *Appellant,* v. ESTATE OF
ARTHUR R. TOSH, ET AL., *Appellants,* PHYLLIS
CHRISTENSON, ET AL., *Respondents.*

*Douglass A. North, Douglas W. Ahrens,* and *Maltman, Reed, North, Ahrens & Malnati, P.S.,* for appellants.

*Henry R. Hanssen, Jr., Rosemary A. Larson,* and *Inslee, Best, Doezie & Ryder, P.S.,* for respondent Christenson.

*James R. Ihnot,* for respondent Security Benefits, Inc.

BAKER, C.J. — Rita Willis, the Estate of Arthur Tosh, and Norma Jean Schmidt, Administratrix (hereinafter collectively Willis) appeal the trial court's decisions regarding the distribution of Tosh's estate. Because the purported amendment to Tosh's living trust giving Phyllis Christenson a fee simple interest in the duplex is invalid, we reverse the trial court's decision on that issue and remand for redetermination of attorney fees between Willis and Christenson. Because Willis has failed to substantiate a claim against Security Benefits, Inc., we affirm in all respects the court's award of attorney fees to Security Benefits, and award fees similarly on appeal. We also hold that certain moneys transferred to decedent's daughters by Christenson were part of the estate, and reject her cross appeal for return of those funds.

## FACTS

Arthur Tosh started a long and intimate relationship with Phyllis Christenson in 1984. A few years later Tosh purchased a duplex, which he and Christenson shared until his death. In 1988 Tosh executed a will leaving Christenson a life estate in the duplex. A few years later Tosh met Tom Omley, an estate planning consultant. This meeting eventually resulted in Tosh executing a revocable living trust and related documents for the disposition of his assets upon his death. An attorney for Security Benefits, Inc., prepared the documents.

The original trust left Christenson a life estate in the duplex, and split the remainder of the estate equally between his two daughters. Tosh later had the attorney who prepared the documents amend the trust to leave Christenson the duplex outright. The amendment was accomplished by simply inserting a new page six into the previously executed document. Two other attorneys subsequently advised Tosh that the trust agreement, as amended, gave Christenson fee simple ownership of the duplex.

Tosh also made Christenson a joint tenant with right of survivorship in his checking account. Just hours before his death, Christenson withdrew $137,000 from Tosh's checking account. After his death, Christenson transferred this money to Tosh's daughters.

Tosh's daughters, Rita Willis and Norma Jean Schmidt, contested the trust and related documents and sought to probate the earlier will. They alleged, among other things, undue influence by Christenson and Security Benefits in the procurement of the trust. Christenson responded with an action for return of the $137,000. The actions were consolidated.

During the trial, the daughters contested the validity of the amendment to the trust. The trial court concluded that the trust was valid as amended and that the $137,000 dollars belonged to the estate, and awarded fees to Christenson and Security Benefits for their defense against the action brought by the daughters.

## DISCUSSION

### The trust amendment

The record establishes the clear intent of the trustor to effect an amendment to the trust document, and a reasonable belief on his part that he had done so. Nevertheless, we must determine whether a valid amendment was accomplished.

■ ■ The trust provided that it could be amended by

the trustor "by a duly executed instrument filed with Trustee." The parties dispute whether "executed" means signed. Taking this word out of context, the definitions of "executed" may differ. But however "executed" is defined, we are satisfied that merely substituting a page of a trust agreement is not a "duly executed instrument." A more formal procedure is required. The substituted page was not initialed, signed, or witnessed in writing. The date at the bottom of the substituted page remained unchanged. No addendum or attachment was added to the trust instrument. Indeed, nothing on the face of the document indicated that it had been amended.

Respondent Christenson relies on *Williams v. Bank of California, N.A.*[1] to argue that the intent of the trustor should control whether the amendment is valid. In *Williams* the court relied in part on the intent of the company to amend the retirement plan in holding that the company had substantially complied with the amendment provision.[2] But the court also relied on the fact that "the procedure followed closely conformed with the requirements" of the amendment provision.[3] No close conformity occurred here. Furthermore, in *Williams* the requirements were eventually complied with. *Williams* does not support the validity of Tosh's amendment. Clear evidence of both intent and belief cannot substitute for actually, or substantially, doing what is required. Tosh's purported amendment was invalid.

We also reject Christenson's alternative argument that the trustor adopted his prior signature as an execution of the document as amended by causing the page to be substituted. The two California appellate court opinions Christenson cites are not persuasive in this context. In each of those cases, handwritten changes apparently intended by the testatrix to be integrated into an earlier

---

[1] 96 Wn.2d 860, 639 P.2d 1339 (1982).

[2] *Williams*, 96 Wn.2d at 866-68.

[3] *Williams*, 96 Wn.2d at 867.

executed will were held to be part of the will.[4] The courts interpreted California statutes and case law, and ruled that integration had occurred. The question we decide is whether the requirement in the instrument itself that amendment be accomplished by a duly executed instrument filed with the trustee may be ignored. We hold that it may not.

Christenson cites no authority for her arguments that the amendment is a valid oral amendment of a declared trust and that the court can exercise its equitable power to reform the trust, and we decline to address them.

## Attorney fee award to Christenson

■ Because our reversal of part of the trial court's decision makes redetermination of appropriate attorney fees necessary, we do not address Willis's arguments regarding the award of fees to Christenson. We do note that RCW 11.96.140, governing probate and trust matters, provides that "[e]ither the superior court or the court on appeal, may, in its discretion, order costs, including attorneys' fees, to be paid by any party to the proceedings or out of the assets of the estate or trust or nonprobate asset, as justice may require." Thus, the trial court is not bound to award fees to any particular party.

## Attorney fees to Security Benefits

■ Willis next argues that the trial court abused its discretion by awarding fees to Security Benefits. She asserts that the trial court's findings supporting the CR 11 sanctions award were not supported by substantial evidence. She points to circumstantial evidence that a charitable trust document, which was never executed by Tosh, was somehow connected to Security Benefits. But she does not explain how this evidence supports her claim that Security Benefits conspired with Christenson to exert undue influence over Tosh to obtain his execution of the

---

[4]*In re Estate of Callahan*, 237 Cal. App. 2d 818, 47 Cal. Rptr. 220, 224 (1965); *In re Estate of McCarty*, 211 Cal. App. 2d 23, 27 Cal. Rptr. 94, 99 (1962).

earlier revocable living trust. Willis's efforts to clarify her claim against Security Benefits on appeal cast it more in the light of malpractice than undue influence. For example, in her opening brief, she quotes her own witness's testimony at trial to the effect that Security Benefits lawyers were marketers rather than counselors. But she did not plead a malpractice claim. Her similar failure to substantiate her claim at trial supports the trial court's findings and its award of CR 11 sanctions.

■■ The fees to Security Benefits were also awarded under RCW 4.84.250, which provides for fee awards on small claims. Although the statute itself does not require notice, Willis cites *Beckmann v. Spokane Transit Authority*[5] to argue that Security Benefits was required to give notice of a request for fees ten days before the scheduled trial date in order to qualify for an award of fees under that statute. Security Benefits in fact gave notice of its request for fees eleven days before trial began. We reject Willis's contention that the scheduled trial date, as opposed to the date trial actually began, must be used to determine the timeliness of the notice.[6]

Nonetheless, we doubt that *Beckman* stands for the proposition argued by Willis. *Beckmann* upheld an award of attorney fees to the plaintiff under RCW 4.84.250 when notice of a possible fee award was given by way of a settlement offer eleven days prior to trial. The court noted that the purpose of the attorney fee provision for small claims "is to encourage out-of-court settlements and to penalize parties who unjustifiably bring or resist small claims," and that some type of notice must be given to further this

[5]107 Wn.2d 785, 733 P.2d 960 (1987).

[6]We do not address Willis's argument that Security Benefits should not be entitled to fees because its business of non-lawyers providing legal advice, and lawyers providing legal services using a trade name, violates RPC 5.5(b), RPC 7.5(a), and RCW 2.48.180. Willis did not make this argument until her reply on appeal, which was too late to raise a new issue. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

purpose.[7] The notice is so that the parties "realize the amount of the claim is small and that they should settle or else risk paying the prevailing party's attorney's fees."[8] *Beckmann* was a personal injury action, and thus no damages amount was pleaded. The plaintiff's settlement offer notified the defendant that the claim was small.

■ *Beckmann* does not require the type of notice Willis asserts. The settlement offer in *Beckmann* did not explicitly refer to either RCW 4.84.250 or attorney fees. The court nevertheless held that the settlement offer provided sufficient notice that RCW 4.84.250 applied. Thus, *Beckmann* does not require explicit, advance notice of a fee request, but requires only notice of the size of the claim. At least one other court similarly interpreted *Beckmann*.[9] Where, as here, a plaintiff pleads a dollar amount less than the statutory maximum, all parties are put on notice that the small claim fee provision applies, and the *Beckmann* notice requirement is satisfied.

■ Nor did *Beckmann* require a notice to be given ten days before trial. *Beckmann* involved a prevailing plaintiff, who must make a settlement offer in order to qualify for a fee award. The ten-day provision referred to in that case applies to settlement offers. Unlike the plaintiff, a prevailing defendant in a case within the statutory limit need not make a settlement offer to qualify for a fee award,[10] and thus need not comply with that ten-day provision.[11]

The joint checking account funds

---

[7]*Beckmann*, 107 Wn.2d at 788.

[8]*Beckmann*, 107 Wn.2d at 789.

[9]*Schmerer v. Darcy*, 80 Wn. App. 499, 510, 910 P.2d 498 (1996). *But see Toyota of Puyallup, Inc. v. Tracy*, 63 Wn. App. 346, 353-54, 818 P.2d 1122 (1991) (interpreting *Beckmann* as requiring explicit notice that attorney fees are being sought).

[10]*Compare* RCW 4.84.260 (defining prevailing plaintiff) *with* RCW 4.84.270 (defining prevailing defendant). *See also Kingston Lumber Supply Co. v. High Tech Development, Inc.*, 52 Wn. App. 864, 867-68, 765 P.2d 27 (1988), *review denied*, 112 Wn.2d 1010 (1989).

[11]*See* RCW 4.84.280.

Christenson cross appeals the trial court's dismissal of her claim for return of the $137,000 she withdrew from Tosh's checking account prior to his death. She contends that this money became hers when Tosh died, and her transfer of that money to the daughters was therefor a gift, which she asserts she made based on the mistaken belief that they would not contest her receipt of the duplex.

Funds on deposit in a joint account belong to each depositor in proportion to their ownership of the funds.[12] When one depositor dies, the funds remaining on deposit in a joint account with right of survivorship become the property of the surviving depositor(s).[13] Christenson does not deny that the $137,000 belonged to Tosh when he deposited it. Therefor, although she had a right as joint tenant to withdraw the funds, they did not belong to her. And because the funds were not on deposit when Tosh died, ownership of those funds did not pass to her. The funds never belonged to Christenson, and no theory can support her desire for their return.

## DISPOSITION

All parties request fees on appeal. We remand to the trial court to determine fees as between Willis and Christenson, including fees on appeal. We award fees on appeal to Security Benefits under both theories as awarded below, to be determined by a commissioner of this court. Christenson is to receive only a life estate in the duplex. All other aspects of the trial court's decision are affirmed.

WEBSTER and COX, JJ., concur.

Reconsideration denied September 20, 1996.

Review denied at 131 Wn.2d 1024 (1997).

---

[12]RCW 30.22.090.

[13]RCW 30.22.100.