IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| TARGET NATIONAL BANK, | ) | |
| | ) | No. 31575-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| JEANETTE E. HIGGINS, et al., | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Target National Bank sued Jeanette Higgins for defaulting on a credit card debt. The trial court granted Higgins' motion for summary judgment. As the prevailing party, Higgins requested $11,076 in reasonable attorney fees and costs under both RCW 4.84.250 and RCW 4.84.330, respectively labeled "the small claims settlement statute" and the "reciprocal attorney fees clause statute." The trial court denied fees under RCW 4.84.250, ruling that Higgins gave no notice that she sought fees under the statute. The trial court granted Higgins fees and costs under the Target contract and RCW 4.84.330 but limited the award to $5,625 because of the minimal amount in dispute. Higgins appeals this award as deficient. We agree with her that she may recover fees under RCW 4.84.250 and that, based upon the policies behind the statute, the amount in dispute should not be a factor when awarding reasonable attorney's fees. We reverse

and remand for an additional hearing on the amount of fees to award.

## FACTS

Target filed suit for breach of contract against Jeanette Higgins for nonpayment of a credit card debt in the amount of $2,052.37. In its complaint, Target requested reasonable attorney's fees, although it did not identify any basis for the request. In a default judgment motion, Target also claimed it was "entitled to its costs and attorney's fees pursuant to contract and/or statute." Clerk's Papers (CP) at 12. In her answer, Higgins denied liability, admitting only that she "at one time had an account with some Target affiliated entity." CP at 6. She also requested "reasonable attorney's fees and costs for the defense of such action." CP at 7. The answer did not specify any basis upon which attorney's fees were sought.

Jeanette Higgins sent to Target a notice of deposition, requests for production, interrogatories, and requests for admissions. After the deadline for answering discovery passed, Higgins moved for summary judgment, claiming that Target failed to respond, in discovery, with any admissible evidence to prove a debt. In addition, Higgins argued that Target's law firm was an unlicensed debt collector, the lack of a license barred the action, and Target failed to show compliance with consumer protection laws.

Before the hearing on Jeanette Higgins' summary judgment, Target moved for summary judgment and responded to Higgins' requests for discovery. As part of its response to Jeanette Higgins' summary judgment motion, Target filed a copy of the

2

purported credit card agreement. Section 12 of that agreement reads, in part:

> **DEFAULT/TERMINATION OF CREDIT PRIVILEGES.** .... If we
> refer your Account to an attorney for collection, you must pay to us all
> costs and expenses of collection, including attorneys' fees, to the extent not
> prohibited by law.

CP at 137.

After motions were filed but before any summary judgment hearing, Jeanette

Higgins wrote Target, through counsel, offering to settle if Target paid her $3,700 in

attorney's fees incurred to date. The letter contained no reference, however, to

RCW 4.84.250 or any other statutory basis for an award of attorney's fees. The letter did

not even expressly state that Higgins will seek an award of reasonable attorney's fees and

costs from the court, if successful in litigation. The letter read, in part:

> Thank you for your letter dated November 22, 2011. My client agrees that
> it is in the parties['] best interest to settle this matter and not waste anymore
> of the court[']s time or incur any additional attorney's fees and costs. Thus,
> my client is willing to accept the sum of $3700.00 to resolve the state-court
> lawsuit. This amount reflects an approximation of my attorney's fees
> incurred to date and will necessarily increase should your client force me to
> perform additional work in this matter.

CP at 256.

The trial court heard Target's motion for summary judgment first. The trial court

denied Target's motion, ruling that Target failed to produce admissible evidence to

support a debt owed by Higgins. Two weeks later, the trial court granted Higgins'

motion for summary judgment. The trial court repeated its ruling that Target failed to

3

produce admissible evidence to establish a foundation for the Target credit card agreement.

Jeanette Higgins requested an award of reasonable attorney's fees and costs. In support of the request, Higgins filed a declaration from her counsel, and a log of the services counsel performed. A memorandum in support of her application for fees was the first mention of either RCW 4.84.250 or RCW 4.84.330 being the basis for the request. Higgins requested $5.25 in costs, $7,788.50 in attorney's fees for 36.3 hours worked at $225.00 per hour, and a multiplier of one and one-half for an exceptional outcome and counsel's representing a client who would typically lack representation.

Target moved for reconsideration of the summary judgment ruling, which motion the trial court denied. Higgins responded to this motion for reconsideration and moved to strike the declaration of opposing counsel supporting the motion. Higgins' counsel also filed a second declaration in support of defendant's motion for award of attorney's fees and costs. With the addition of time spent responding to the motion for reconsideration, Higgins sought $9,333.50 for 44.1 hours worked.

On the day scheduled for the fees hearing, Target's new counsel, who had yet to file a notice of appearance, requested a continuance. The trial court granted this request and continued the hearing two weeks. Higgins' counsel then filed a third declaration, which added time for the additional hearing and phone calls with opposing counsel. The new request was $10,143.50 in attorney's fees for 47.7 hours worked.

Target filed a declaration from its counsel in opposition to Higgins' motion for attorney's fees. The declaration stated, in part, that counsel was not notified that Higgins sought an award of fees under RCW 4.84.250 until judgment was granted to Higgins. Higgins replied to this motion the next day. Higgins' counsel also filed his last declaration in support of attorney's fees and costs seeking an additional $877.50 for 3.9 hours worked for the reply.

The trial court ruled that Higgins failed to meet RCW 4.84.250's notice requirement. The trial court, however, awarded attorney's fees and costs to Higgins under the Target contract and RCW 4.84.330. The court reduced Higgins' counsel's proposed hours worked from 51.85 hours to 25 hours. The award was $5,625, based upon an hourly rate of $225. The trial court noted by hand, in its written order, that "[t]he court also considered the amount in controversy—$2,052.37." CP at 272.

## LAW AND ANALYSIS

### *Notice Under the Small Claims Settlement Statute*

When a party seeks reasonable attorney's fees and costs on two grounds and is granted fees and costs under one ground, a court generally need not determine if the party may recover attorney's fees under the second ground. The trial court granted Jeanette Higgins reasonable attorney's fees and costs under RCW 4.84.330, but she assigns error to the trial court's failure to grant her full request for fees. She claims the trial court

5

mistakenly considered the amount in controversy as a factor when discounting the fees sought. More importantly, Higgins posits that RCW 4.84.250, the small claims settlement statute, unlike RCW 4.84.330, the reciprocal attorneys' fees clause statute, encourages a full award in claims under $10,000. The trial court denied recovery under RCW 4.84.250. Therefore, we must address whether Higgins is entitled to an award under the small claims settlement statute. In specific, we must address whether Higgins needed to provide notice under the statute and, if so, whether she gave sufficient notice. Higgins otherwise qualifies for fees under RCW 4.84.250.

This court reviews the legal basis for an award of attorney's fees de novo. *Hulbert v. Port of Everett*, 159 Wn. App. 389, 407, 245 P.3d 779 (2011). In Washington, attorney's fees may be awarded only when authorized by a private agreement, a statute, or a recognized ground of equity. *Labriola v. Pollard Grp., Inc.*, 152 Wn.2d 828, 839, 100 P.3d 791 (2004). RCW 4.84.250 authorizes a trial court to award attorney's fees, under certain circumstances, in disputes of $10,000 or less. Under RCW 4.84.250, a trial court shall award the prevailing party attorney's fees if the statutory requirements are satisfied. *Davy v. Moss*, 19 Wn. App. 32, 33-34, 573 P.2d 826 (1978).

RCW 4.84.250 states in full:

> Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there *shall* be taxed and allowed to the prevailing party as a part of the costs of the action a *reasonable amount*

6

to be fixed by the court as *attorneys' fees*. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars.

(Emphasis added.) A plaintiff is the prevailing party only if her recovery exceeds the amount at which she offered to settle. RCW 4.84.260. RCW 4.84.280 outlines the procedure for a settlement offer and requires that the offer be made at least 10 days prior to trial. *Beckmann v. Spokane Transit Auth.*, 107 Wn.2d 785, 787, 733 P.2d 960 (1987). A defendant is the prevailing party if the plaintiff recovers nothing, even if the defendant made no settlement offer, or, if a settlement offer is made, the award is less than the offer. RCW 4.84.270; *see Puget Sound Nat'l Bank v. Burt*, 56 Wn. App. 868, 786 P.2d 300 (1990). The purpose of RCW 4.84.250 is to encourage out-of-court settlements and to penalize parties who unjustifiably bring or resist small claims. *Williams v. Tilaye*, 174 Wn.2d 57, 62, 272 P.3d 235 (2012); *Beckmann*, 107 Wn.2d at 788; *Harold Meyer Drug v. Hurd*, 23 Wn. App. 683, 687, 598 P.2d 404 (1979). "The obvious legislative intent is to enable a party to pursue a meritorious small claim without seeing his award diminished in whole or in part by legal fees." *Northside Auto Serv., Inc. v. Consumers United Ins. Co.*, 25 Wn. App. 486, 492, 607 P.2d 890 (1980).

Common law has consistently required that the party from whom attorney's fees are sought receive notice before trial that it may be subject to fees under the pertinent statute. *Lay v. Hass*, 112 Wn. App. 818, 824, 51 P.3d 130 (2002); *Pub. Utils. Dist. No. 1 of Grays Harbor v. Crea*, 88 Wn. App. 390, 393-94, 945 P.2d 722 (1997) (*PUD No. 1*).

7

The law with respect to the timing, form and content of notice required for an award under RCW 4.84.250 has experienced a convoluted history. We review the key cases in an attempt to discern whether Washington law is lenient enough to deem Target on notice that Higgins sought fees under RCW 4.84.250.

In *Tatum v. R&R Cable, Inc.*, 30 Wn. App. 580, 585, 636 P.2d 508 (1981), we held that the "provisions of RCW 4.84.250" must be pled to put the defendant on notice of the fact that the plaintiff seeks attorney's fees under the statute. The holding, if taken literally, would require the litigant to quote from the statute in addition to referencing the statute in the complaint or answer. The Tatums' award exceeded their offers to settle, but they pled the statute providing for treble damages for damage to trees, not RCW 4.84.250, in their prayer seeking an award of reasonable attorney's fees and costs. Thus, we denied the request for fees.

We followed the holding of *Tatum* in *Warren v. Glascam Builders, Inc.*, 40 Wn. App. 229, 698 P.2d 565 (1985), and applied the holding to a fee request under RCW 49.48.030, which provides for recovery of fees in an action in which the claimant recovers judgment for wages or salary. In his complaint, Warren asked for an award of reasonable attorney's fees and costs, but did not cite the statute. Therefore, he was denied a fee award.

The Supreme Court overruled *Tatum* and *Warren* in *Beckmann*. Beckmann sued for personal injuries and, 11 days before trial, delivered to the transit authority an offer to

8

settle for $3,000. *Beckmann*, 107 Wn.2d at 787. The offer informed the transit authority that it was tendered pursuant to RCW 4.84.280, a statute related to RCW 4.84.250. The trial court awarded her $4,360 in damages. *Beckmann*, 107 Wn.2d at 787.

The *Beckmann* court affirmed that the purpose behind RCW 4.84.250 requires some type of notice so that the opposing party would realize the amount of the claim is small and the party should settle or else risk paying the prevailing party's attorney's fees. *Beckmann*, 107 Wn.2d at 788-89. However, notice in the original pleadings was not necessary. *Id.* at 789. The *Tatum* court had provided little justification as to why notice was needed in the initial pleadings. The *Beckmann* court agreed with Beckmann that the 10-day notice provision in RCW 4.84.280 should be sufficient to apprise the defendant that attorney's fees are being sought. The court noted the predicament of a personal injury plaintiff giving notice to a defendant as to the amount of an award sought, since RCW 4.28.360 prohibits the complainant from stating the amount of damages she seeks. The court, however, did not limit its holding to personal injury cases.

The posture of Higgins' suit is distinct from the posture of *Beckmann*, *Tatum*, and *Warren*. In the three previous cases, plaintiffs sought fees. Notice to defendant was, in part, needed in order to alert the defendant as to the amount sought in litigation. Jeanette Higgins is the defendant. The defendant can recover reasonable attorney's fees and costs without an offer of settlement, if the plaintiff recovers nothing. Target already knew the amount, for which it sued, was under $10,000. Thus, notice to Target could be

9

considered superfluous. All plaintiffs could be considered automatically on notice that they are subject to an award of fees if the amount in issue is less than $10,000. The defendant giving notice serves little, if any, purpose under such circumstances. *Beckmann* promotes substance over form and teleology over technicality to the favor of Jeanette Higgins. But *Beckmann* does not hold that a defendant need not give any notice, nor does it stand for the proposition that a defendant may give notice of a claim for fees without specifying that she relies on RCW 4.84.250.

The next decision chronologically, *Toyota of Puyallup, Inc. v. Tracy*, 63 Wn. App. 346, 818 P.2d 1122 (1991), brings us closer to the appeal before us. Tracy brought his car to Toyota for repairs of the engine and transmission. Toyota sued Tracy for a repair bill, a portion of which Tracy disputed. Six months before trial Tracy's counsel wrote to Toyota's counsel offering "'to settle all claims with Toyota of Puyallup by payment of $1,800.00.'" *Id.* at 353. The court granted Toyota judgment for $1,152.55, after which Tracy applied for an award of reasonable attorney's fees and costs under RCW 4.84.250. Toyota argued it was entitled to notice that Tracy would be seeking reasonable attorney's fees under RCW 4.84.250 through .290 if the offer was not accepted. The Court of Appeals agreed. The court characterized counsel's letter as "no notice at all." *Toyota*, 63 Wn. App. at 354. The letter said nothing about the consequences of not accepting the offer, about reasonable attorney's fees, or about any statutory authority for fees. In his original answer, Tracy alleged that he was entitled to reasonable attorney's fees

10

"'pursuant to the reciprocal attorney's fee statute,'" or RCW 4.84.330. *Toyota*, 63 Wn. App. at 354 n.9. The answer did not notify Toyota that Tracy would seek reasonable attorney's fees under the authority of RCW 4.84.250 through .290. The court denied Tracy an award.

With *Tracy*, we draw one step closer to our case, but still one step away. Toyota recovered something, although less than Tracy offered. Target, on the other hand, recovered nothing. Therefore, an offer from Jeanette Higgins was not needed to qualify for fees. We must still determine what notice is necessary when a defendant recovers nothing.

The next decision is *Last Chance Riding Stable, Inc. v. Stephens*, 66 Wn. App. 710, 832 P.2d 1353 (1992). Last Chance obtained two judgments against Tommy and Debbie Stephens in small claims court. On the Stephenses' appeal to superior court, both judgments were reversed and both lawsuits dismissed. Attorney's fees were awarded to the Stephenses under the small claims settlement statute. Last Chance appealed the award of attorney's fees and the Court of Appeals reversed. Last Chance argued that the superior court erred in awarding attorney's fees because the Stephenses did not give notification that they were seeking fees prior to the trial de novo. The Stephenses contended no prior notice was required. The trial court awarded attorney's fees pursuant to RCW 4.84.250 and the Court of Appeals reversed.

11

The *Last Chance* court reasoned that requiring an offer of settlement or other prior notice of intent to seek attorney's fees under the facts presented fulfills the purpose of RCW 4.84.250 through .300, which is to encourage out-of-court settlements and to penalize parties who unjustifiably bring or resist small claims. These purposes require some type of notice so that parties would realize the amount of the claim is small and that they should settle or else risk paying the prevailing party's attorney's fees. Since the record failed to show Last Chance was given notice of the Stephenses' attempt to seek attorney's fees, the fees were improperly awarded.

*In re Estate of Tosh*, 83 Wn. App. 158, 920 P.2d 1230 (1996) goes the additional step, supports Jeanette Higgins' position, but rests on shaky ground. The case entails a claimant recovering nothing and the defendant seeking an award under RCW 4.84.250. Rita Willis brought suit contesting the validity of a trust signed by her father before his death. She sued the beneficiary under the trust and Security Benefits, Inc., who prepared the trust instrument. The Court of Appeals mentioned difficulty in discerning the nature of the claim against Security Benefits but speculated the claim might be for professional malpractice. The opinion does not disclose the amount of the claim against Security Benefits. The trial court denied Willis relief and granted reasonable attorney's fees and costs to Security Benefits under RCW 4.84.250. On appeal, Willis sought to overturn the award and argued that Security Benefits was required to give notice of a request for fees 10 days before the scheduled trial date in order to qualify for an award. Security Benefits

12

in fact gave notice of its request for fees 11 days before trial began. The court rejected Willis' contention that the scheduled trial date, as opposed to the date trial actually began, must be used to determine the timeliness of the notice. The decision does not disclose the form or content of the notice given.

The *Tosh* court could have ended its discussion when holding the notice was timely, but went further and wrote that it doubted that *Beckmann* stood for the proposition argued by Willis. The *Tosh* court read *Beckmann* to establish that giving notice of the claim being small was important, if not controlling, rather than giving notice that the party sought fees under RCW 4.84.250. The *Tosh* court wrote that "[t]he settlement offer in *Beckmann* did not explicitly refer to either RCW 4.84.250 or attorney fees." *Tosh*, 83 Wn. App. at 165. This comment is erroneous. Although the *Beckmann* settlement letter did not specify RCW 4.84.250, the offer informed the defendant that it was tendered pursuant to RCW 4.84.280, part of the statutory scheme with RCW 4.84.250. RCW 4.84.280 is the provision that explains service of the offer of settlement and the statute specifically references RCW 4.84.250.

The *Tosh* court further wrote:

> The [*Beckmann*] court nevertheless held that the settlement offer provided sufficient notice that RCW 4.84.250 applied. Thus, *Beckmann* does not require explicit, advance notice of a fee request, but requires only notice of the size of the claim. At least one other court similarly interpreted *Beckmann* [citing *Schmerer v. Darcy*, 80 Wn. App. 499, 910 P.2d 498 (1996)]. Where, as here, a plaintiff pleads a dollar amount less than the statutory maximum, all parties are put on notice that the small claim fee

13

> provision applies, and the *Beckmann* notice requirement is satisfied.
>     Nor did *Beckmann* require a notice to be given ten days before trial. *Beckmann* involved a prevailing plaintiff, who must make a settlement offer in order to qualify for a fee award. The ten-day provision referred to in that case applies to settlement offers. Unlike the plaintiff, a prevailing defendant in a case within the statutory limit need not make a settlement offer to qualify for a fee award, and thus need not comply with that ten-day provision.

*Tosh*, 83 Wn. App. at 165 (footnote omitted). *Tosh*'s dicta declares that a defendant need not give any notice that she seeks an award of reasonable attorney's fees and costs, let alone identify RCW 4.84.250 as the basis of the claim for fees, when the plaintiff recovers nothing.

Contrary to the dicta in *Tosh*, *Schmerer* did not hold that advance notice of a fee request is not mandatory. In *Schmerer*, the defendant asserted a counterclaim against plaintiff and the plaintiff provided an offer to settle pursuant to RCW 4.84.250. The defendant recovered nothing on the counterclaim. Plaintiff then sought an award of fees, which was denied because the counterclaim exceeded $10,000 in amount.

Next in history comes *PUD No. 1*, 88 Wn. App. 390. The trial court assessed $8,870 in attorney's fees against the public utility district that had unsuccessfully sued Timothy Crea for $6,570 in damages to a utility pole struck by Crea's car. The public utility district appealed the award, arguing that RCW 4.84.250 did not authorize an award of attorney's fees because Crea did not give notice of his intent to seek such award. The Court of Appeals affirmed.

14

Before trial, the public utility district made a written offer of settlement, which Crea rejected. The offer of settlement read, "'Pursuant to RCW 4.84.250, et seq[.], we hereby offer to settle the claim of the plaintiff in the above action for $6,570.24." *PUD No. 1*, 88 Wn. App. at 392 n.2. The jury returned a verdict in Crea's favor, finding that Crea was not negligent.

After trial, Crea requested $9,307.19 in attorney's fees under RCW 4.84.250, which the trial court granted. The Court of Appeals affirmed. According to the court in *PUD No. 1*, *Beckmann* did not require a party seeking attorney's fees specifically to plead RCW 4.84.250 or to ask for attorney's fees. *PUD No. 1*, 88 Wn. App. at 394. It is sufficient that the charged party received actual notice of the statute prior to trial, thereby putting that party on notice of the risk of an attorney's fees assessment. *Id.* The public utility district had actual notice of the statute giving rise to an award of attorney's fees to the prevailing party. The public utility district itself cited RCW 4.84.250 in its letter to Crea offering to settle. That Crea did not provide additional notice to the public utility district was irrelevant.

The *PUD No. 1* court considered there to be two acceptable alternatives to achieve the objectives of RCW 4.84.250: an offer of settlement or other prior notice of intent to seek attorney's fees. *PUD No. 1*, 88 Wn. App at 395. All that is required is "'some type of notice so that parties would realize the amount of the claim is small and that they should settle or else risk paying the prevailing party's attorney's fees.'" *Id.* (quoting *Last*

15

*Chance*, 66 Wn. App. at 714).

*Lay v. Hass*, 112 Wn. App. 818, a property line dispute, comes next on our odyssey. The Lays filed a motion for summary judgment that encompassed all of their claims, including their claims for damages and attorney's fees and costs. Before the trial court ruled on the Lays' summary judgment motion, the Lays filed a motion for nominal damages and attorney's fees, in which they specifically pled attorney's fees under RCW 4.84.250. The trial court granted the summary judgment motion and awarded fees to the Lays.

On appeal, the Hasses unsuccessfully argued they lacked notice that the Lays sought reasonable attorney's fees and costs under RCW 4.84.250. The *Lay* court agreed with *PUD No. 1* that the party seeking attorney's fees need not specifically plead RCW 4.84.250 or to ask for attorney's fees. Actual notice to the opposing party is sufficient. Thus, the Lays' motion for attorney's fees and damages was sufficient notice under RCW 4.84.250 to apprise the Hasses that the amount in controversy was only $433 and that the Lays sought attorney's fees if they prevailed. The Hasses had more than 10 days, after notice but before the motion hearing, to settle the suit.

The last decision addressing notice under RCW 4.84.250 is *In re 1992 Honda Accord*, 117 Wn. App. 510, 71 P.3d 226 (2003). Becerra sued the city of Warden claiming the city wrongfully impounded his car. The reviewing court granted him relief but denied him an award of fees under RCW 4.84.250. Becerra did not give notice of his

intent to seek fees under RCW 4.84.250, nor did he broach the possibility of settlement.

Jeanette Higgins broached settlement with Target. In her settlement demand, she insisted on payment of her attorney's fees and warned that the amount would increase if the case went to trial. She did not expressly state that she would seek an award of reasonable attorney's fees after trial, but such intent was inescapably implied. Thus, we conclude that Higgins gave notice that she would ask the court for an award of fees if she prevailed at trial or hearing.

Going further, we conclude that Target was on notice that Higgins would seek fees under RCW 4.84.250. Higgins' counsel should have, as a matter of precaution, but did not cite the statute in his settlement demand. Nevertheless, Target, as the master of its claim, knew that the suit was limited to $2,052.37. Target would know that any party will ask for fees under whatever grounds are available and the small claims settlement statute would apply. Target's counsel protests that he did not know that Higgins would seek fees under the small claims settlement statute. He should have known after Higgins insisted on payment of fees as a condition of settlement.

The *Beckmann* court affirmed that the purpose behind RCW 4.84.250 requires some type of notice so that the opposing party would realize the amount of the claim is small and the party should settle or else risk paying the prevailing party's attorney's fees. *Beckmann* is the only Supreme Court case addressing notice requirements. *Beckmann* emphasizes notice of the claim being small as more important than notice of the statute

17

under which fees will be sought. Again, Target knew its claim was small and counsel's letter warned of a risk of paying more fees if the case was not settled.

*PUD No. 1* holds that actual notice of the statute is sufficient notice, even if no notice is given by the prevailing defendant. Target argues it did not have actual notice. But the *PUD No. 1* ruling does not preclude a ruling that constructive notice is also sufficient.

The *Tosh* court wrote that, "Where . . . a plaintiff pleads a dollar amount less than the statutory maximum, all parties are put on notice that the small claim fee provision applies, and the *Beckmann* notice requirement is satisfied." *Tosh*, 83 Wn. App. at 165. Under this language, constructive notice satisfies the notice requirement. Admittedly this language is dictum, but the dictum furthers the teaching of *Beckmann* to avoid technicalities. We hold that under these circumstances, when the plaintiff knows that its claim is under $10,000 and the defendant has demanded payment of fees as part of a settlement demand, the defendant may recover reasonable attorney's fees and costs under RCW 4.84.250.

In so ruling, we recognize that RCW 4.84.250 through .290 imposes no duty upon a defendant, in cases where the plaintiff recovers nothing, to give plaintiff any notice in order to recover reasonable attorney's fees. Notice requirements were created by the courts. The legislature retains the authority to determine what notice is required under various circumstances.

Because we hold that Jeanette Higgins is entitled to recover reasonable attorney's fees under the small claims settlement statute, we do not address the impact of RCW 4.84.330 on the amount of fees recoverable. We agree with Higgins that the small claims settlement statute is more likely to reject the amount in dispute as a factor in determining the reasonableness of fees.

### Amount in Controversy as Factor to Consider in Awarding Fees Under Small Claims Settlement Statute

Our holding that Higgins may recover reasonable attorney's fees and costs under RCW 4.84.250 is only a partial victory for Higgins. We must still decide whether the trial court should have granted more fees. In particular, we must determine if the trial court correctly considered the amount in dispute when reducing the fee award. Because of the numerous suits with a limited amount in controversy and the impact this decision may have on those many suits, we perform, before reaching our conclusion, a thorough examination of the purpose behind RCW 4.84.250 and Washington case law addressing whether the amount in controversy is relevant when awarding reasonable attorney's fees.

Under RCW 4.84.250, a court, in an action where the amount pleaded is $10,000 or less, shall award to the prevailing party "a reasonable amount to be fixed by the court as attorneys' fees." This statutory language echoes the general principle that an award of attorney's fees against an opposing party, known as fee shifting, must be "reasonable" in amount, a principle applied regardless of what statute grants the award or if a contract

19

clause affords the prevailing party an award of fees. Generally, a determination of reasonable attorney's fees begins with a calculation of the "lodestar," which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 149-50, 859 P.2d 1210 (1993); *Berryman v. Metcalf*, 177 Wn. App. 644, 660, 312 P.3d 745 (2013).

Under the lodestar method of determining reasonable fees, the court must first "exclude from the requested hours any wasteful or duplicative hours and any hours pertaining to unsuccessful theories or claims." *Mahler v. Szucs*, 135 Wn.2d 398, 434, 957 P.2d 632 (1998). Second, the trial court may adjust or apply a multiplier to the award "either upward or downward to reflect factors not already taken into consideration"—specifically, the contingent nature of success and the quality of work performed. *Ross v. State Farm Mut. Auto. Ins. Co.*, 82 Wn. App. 787, 800, 919 P.2d 1268 (1996), *reversed on other grounds*, 132 Wn.2d 507, 940 P.2d 252 (1997); *see also Bowers v. Transamerica Title Ins.*, 100 Wn.2d 581, 598-99, 675 P.2d 193 (1983). "The lodestar amount may be adjusted to account for subjective factors such as the level of skill required by the litigation, the amount of potential recovery, time limitations imposed by the litigation, the attorney's reputation, and the undesirability of the case." *San Juan County v. No New Gas Tax*, 160 Wn.2d 141, 171, 157 P.3d 831 (2007).

RPC 1.5(a) lists 12 factors to consider when evaluating the reasonableness of attorney's fees for purposes of attorney ethics. Washington courts have ruled that the

factors should be considered when addressing fee shifting in litigation. *Mahler*, 135 Wn.2d at 433 n.20 (1998); *Fetzer*, 122 Wn.2d at 148-49; *Brand v. Dep't of Labor & Indus.*, 139 Wn.2d 659, 666, 989 P.2d 1111 (1999); *Berryman*, 177 Wn. App. at 660. Factor four directs consideration of *"the amount involved* and the results obtained." RPC 1.5(a)(4) (emphasis added). Our courts have disagreed as to the importance of this "proportionality" factor. Two courts have written that, in assessing the reasonableness of a fee request, a "vital" consideration is "the size of the amount in dispute in relation to the fees requested." *Berryman*, 177 Wn. App. at 660; *accord Fetzer*, 122 Wn.2d at 150. An earlier court wrote that the amount of damages involved is not a compelling factor in fixing the amount of fees. *Travis v. Wash. Horse Breeders Ass'n*, 111 Wn.2d 396, 409, 759 P.2d 418 (1988). The trial court based Higgins' award on the nominal size of the dispute and significantly reduced the amount sought for no other stated reason.

For several reasons, we reverse the trial court and hold that the size of the controversy must not be considered when fees are awarded under RCW 4.84.250. First, taking into account the size of the dispute conflicts with the purposes behind RCW 4.84.250. In the setting of worker's compensation claims, the Supreme Court has rejected the amount in controversy as a dynamic in awarding fees. Second, Washington courts proclaim the principle that size matters, but do not apply it. Cases under contract attorney's fees clauses and other statutes profess to apply the "amount in issue" factor, but a careful reading of the cases shows that the disproportionate fee request was based

upon padding by the lawyer. *Fetzer*, 122 Wn.2d at 149; *Berryman*, 177 Wn. App. at 660.

Third, decisions under RCW 4.84.250 permit fee awards disproportionate to the amount

in dispute. *Lay*, 112 Wn. App. 818. Even outside the context of RCW 4.84.250, when a

party seeks an award of fees disproportionate to an award, courts readily grant the request

when documentation supports a reasonable expenditure of time on tasks performed by

counsel. *Fiore v. PPG Indus., Inc.*, 169 Wn. App. 325, 279 P.3d 972 (2012); *Taliesen*

*Corp. v. Razore Land Co.*, 135 Wn. App. 106, 144 P.3d 1185 (2006); *Mayer v. City of*

*Seattle*, 102 Wn. App. 66, 10 P.3d 408 (2000); *Dash Point Vill. Assocs. v. Exxon Corp.*,

86 Wn. App. 596, 937 P.2d 1148 (1997).

We first review cases wherein the attorney's fees award was reduced ostensibly, in

part, because of a disproportionate recovery, but the decisions show that other factors led

to a reduction in fees. The cases illustrate that courts may combat inflating of attorney

bills by rules unrelated to the size of the controversy.

In *Fetzer*, 122 Wn.2d 141, the Scott Fetzer Co. sued Dwight's Discount Vacuum

Cleaner City over the ownership of 120 vacuum cleaners, valued at $19,000. Dwight's

prevailed on a motion to dismiss for lack of jurisdiction, and requested attorney's fees of

$180,914. The trial judge granted $116,788. The Supreme Court reversed the fee award

as excessive and remanded the issue for the trial judge to reevaluate both the hourly rate

and the number of hours claimed. On remand, the trial judge reduced the total award of

fees and costs to $72,746.38. On a second appeal, our state high court further reduced the

22

total award of fees and costs to $22,454.28. The court wrote that the fee award should be proportionate to the recovery, but the fee application was problematic for other reasons. *Fetzer*, 122 Wn.2d at 150. The court held that the number of hours awarded for bringing the initial jurisdictional motion exceeded those that were reasonably necessary to prevail on that motion. *Id.* at 144. One of the defendant's counsel remarkably spent 34 hours across three days to prepare the motion to dismiss. Each party had "'declared war'" on the other, using tactics that were subject to question. *Fetzer*, 122 Wn.2d at 152 n.7.

In *Berryman*, 177 Wn. App. 644, our court declared the amount in dispute to be a vital consideration, but many other valid reasons explained the court's reduction in fees. The trial court approved as reasonable a total of 468.55 hours billed by two attorneys for taking a minor soft tissue injury case through a short trial de novo, where the defendant did not improve its position after a mandatory arbitration. The jury awarded Berryman $36,542 in damages. The trial court doubled the lodestar amount and awarded nearly $292,000, which the appellate court considered an abuse of discretion. There was no indication that the trial judge actively and independently confronted the question of what was a reasonable fee. The trial court failed to address whether Berryman's attorneys double charged for some of the work they performed and that Berryman requested fees for wasted efforts, duplicative efforts, unidentifiable costs, and inconsistent or vaguely worded time entries. Records showed that Berryman's two attorneys billed for preparing for and attending the same depositions, reviewing the same documents, and engaging in

23

the same pretrial preparation. The attorneys recorded 43.1 hours for their attempt to obtain discovery of Farmers' claims files, when bad faith was not an issue. The attorneys billed more than 80 hours for efforts to exclude a defense expert. The attorneys billed a combined total of 97.4 hours for "client and witness preparation," they billed additional hours for "witness preparation" on trial days, and they billed an additional 33.5 hours for "preparation for trial" not otherwise detailed. *Berryman*, 177 Wn. App. at 663. Block billing entries obscured time performed on discrete tasks.

We next review cases wherein the attorney's fees award was lopsided compared to the money in controversy. In *Collings v. City First Mortgage Services, LLC*, 177 Wn. App. 908, 929, 317 P.3d 1047 (2013), City First complained on appeal that the attorney's fee award to Collings of over $600,000 was excessive when compared to his recovery of $120,000. The court answered that, while the amount of recovery is a relevant consideration in determining the reasonableness of the fee award, it is not a conclusive factor. *Id.* A large attorney's fee award in civil litigation will not be overturned merely because the amount at stake in the case is small. *Id.* The top-heavy fee award was affirmed.

In *Fiore*, 169 Wn. App. 325, Fiore was awarded $24,406.20 against his employer, PPG, for unpaid wages. The trial court also awarded Fiore $596,559.47 in attorney's fees and costs, 24 times the amount of the damage award. On appeal, PPG asserted that the trial court erred by rejecting considerations of proportionality between the damages

award and the attorney's fee award. The court disagreed noting that our Supreme Court determined that it would "'not overturn a large attorney fee award in civil litigation merely because the amount at stake in the case is small.'" *Id.* at 352 (quoting *Mahler*, 135 Wn.2d at 433). Rather, the court held, the reasonableness of the fee award is determined by the lodestar method. *Id.* The trial court determined that the number of hours and the hourly rate billed were reasonable and entered extensive findings and conclusions in support of its determination. Both *Fiore* and *Collings* illustrate that the goal of preventing excessive billing or padding can be reached by discounting time spent on nonproductive tasks, rather than arbitrarily reducing the amount sought because of the amount involved. The trial court can also combat an excessive fee request by ensuring that the fees billed relate to the claims upon which the party won.

*Mayer*, 102 Wn. App. 66, confirms our view that the court should follow the lodestar method. Kurtis Mayer, a real estate developer, sued the adjacent property owner, city, and cement manufacturers under theories of nuisance, negligence, strict liability, negligence per se and violations of the Model Toxics Control Act (MTCA), chapter 70.105D RCW. Toxic cement kiln dust escaped onto Mayer's property. The superior court granted the defendants' motion for summary judgment on the tort claims, ruled that the city and the adjacent owner were strictly liable under the MTCA, and awarded the developer $26,314.28 in remedial action costs, $238,702.50 in attorney's fees and

25

$35,599.55 in litigation costs under the MTCA. *Mayer*, 102 Wn. App. at 74. The defendants appealed the attorney's fees award.

The *Mayer* Court of Appeals reversed the summary judgment dismissal of the tort claims and remanded for a new hearing on the amount of attorney's fees. The trial court had granted fees for work related to the tort claims, which the appellate court found to be error. The defendants also argued that the attorney's fee award was unreasonable because it grossly exceeded the amount of the underlying recovery. The court refused to criticize the trial court on this ground. The court noted that, "'[W]e will not overturn a large attorney fee award in civil litigation merely because the amount at stake in the case is small.'" *Mayer*, 102 Wn. App. 83 (quoting *Mahler*, 135 Wn.2d at 433). The relevant question is whether the court properly applied the lodestar methodology. *Id.* The amount of the underlying judgment is relevant in determining the reasonableness of the fee award, but is not a conclusive factor. *Id.* On remand, the trial court could award an amount in attorney's fees disproportionate to the underlying judgment, provided the court followed the lodestar method.

In *Dash Point*, 86 Wn. App. at 612-13, our court upheld the recovery of $375,000 in attorney's fees and costs even though the cleanup costs recovered were about $20,000. The fees were 18.75 times the size of the damage award.

In *Taliesen Corp.*, 135 Wn. App. 106, our court also affirmed a disproportionate award of fees and costs in an MTCA suit. One defendant, though liable for only $3,400

in remediation costs, was held liable to pay $537,000 in attorney's fees to the plaintiffs. Another defendant, liable for $34,000 in remediation costs, was held liable to pay over $500,000 in attorney's fees. The former award was 157 times the amount of the damages.

We now analyze the statute at issue, RCW 4.84.250. "The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent and purpose." *Yakima County v. Yakima Herald-Republic*, 170 Wn.2d 775, 797, 246 P.3d 768 (2011). The paramount concern of this court is to ensure that the statute is interpreted consistently with the underlying policy of the statute. *Safeco Ins. Cos. v. Meyering*, 102 Wn.2d 385, 392, 687 P.2d 195 (1984). In determining the amount of a fee award, the court must consider the purpose of the statute allowing for attorney's fees. *Fetzer*, 122 Wn.2d at 149; *Brand*, 139 Wn.2d at 667; *Berryman*, 177 Wn. App. at 668.

"The purpose of RCW 4.84.250 is to encourage out-of-court settlements and to penalize parties who unjustifiably bring or resist small claims." *Beckmann*, 107 Wn.2d at 788. *Beckmann*'s use of the word "penalize" is important, since the civil law rarely seeks to penalize a litigant. "Another purpose is to enable a party to pursue a meritorious small claim without seeing his award diminished in whole or in part by legal fees." *Lay*, 112 Wn. App. at 824 (internal quotation marks omitted). These purposes demand ignoring the amount in controversy when judging the reasonableness of attorney's fees under RCW 4.84.250. Considering the amount in issue is an anathema to the essence of the

27

statute.

*Lay*, 112 Wn. App. 818, reviewed earlier on the issue of notice, illustrates the purpose behind the small claims settlement statute. A property line dispute arose between the Lays and the Hasses when the Hasses erected a fence on the Lays' property. The Lays sued and filed a summary judgment motion for nominal damages and attorney's fees. The trial court granted the Lays' motion and awarded the Lays $360 for the trees and shrubs the Hasses removed and $73 for the Hasses' occupation of their land. The trial court also awarded the Lays $13,545.05 in attorney's fees. On appeal, the Hasses challenged the reasonableness of the fees.

The Hasses' only argument regarding excessiveness on appeal was that the attorney's fees awarded were 31 times the case's actual value. The appeals court affirmed the award, without any mention that the amount involved should be considered. Instead, the court noted the factors of the reasonableness of the hourly rate, the reasonable amount of time required to represent the party's case, and the *type* of case involved. *Id.* at 826. The court emphasized that the policy of RCW 4.84.250 is to punish parties who resist small claims. The court wrote:

> "[A]lthough the attorney fees in this case amounted to 31 times the actual value of the case, the trial court did not abuse its discretion when it reasoned that 'in accordance with the spirit of the statute and the history of this case that $13,545.05 is a reasonable and just figure.'"

*Id.* at 827.

*Brand*, 139 Wn.2d 659, compels our ruling in favor of Jeanette Higgins because our Supreme Court held, based upon the purposes behind a statute, that the amount in controversy was irrelevant to the attorney's fee award. Catherine Brand, a worker's compensation claimant, appealed from the decision of the Board of Industrial Insurance Appeals finding that she was not totally disabled and assessing the degree of her injuries. The jury increased her partial disability award. The trial court awarded attorney's fees, but in an amount less than requested. On appeal, our high court held it was not appropriate to reduce Brand's fee award based on her degree of success at trial.

Catherine Brand's attorneys requested attorney's fees under RCW 51.52.130, which provides that the court shall fix a "reasonable fee" for the services of a worker's attorney if the Board's decision is reversed or modified and additional relief is granted to the worker on appeal. The trial court awarded Brand an additional $3,120 on appeal, but rejected her claim for total disability, which would have entitled her to a pension worth $113,583. The Department argued that the amount of attorney's fees awarded should have been reduced in light of Brand's small recovery.

The *Brand* court dutifully uttered the principle that the amount in dispute is a factor to be considered. But then the court rejected the principle. The court noted a 1929 decision, in which the court held that, in worker's compensation cases, "'the amount of recovery is but little, if any, guide.'" *Brand*, 139 Wn.2d at 666 (quoting *Rehberger v. Dep't of Labor & Indus.*, 154 Wash. 659, 662, 283 P. 185 (1929)). The *Brand* court

further wrote:

> Central to the calculation of an attorney fees award, however, is the underlying purpose of the statute authorizing the attorney fees. . . . Given that attorney fees statutes may serve different purposes, it is important to evaluate the purpose of the specific attorney fees provision and to apply the statute in accordance with that purpose.
>
> The purpose behind the award of attorney fees in workers' compensation cases is to ensure adequate representation for injured workers who were denied justice by the Department.
>
> . . . .
>
> In light of the plain language of RCW 51.52.130, we hold that reducing attorney fees awards to account for a worker's limited success is inappropriate in this context. Under the statute, the worker's degree of overall recovery is inconsequential. This holding is consistent with the purposes behind RCW 51.52.130. Awarding full attorney fees to workers who succeed on appeal before the superior or appellate court will ensure adequate representation for injured workers.
>
> . . . .
>
> Commentators have noted that limiting the amount of attorney fees awarded in workers' compensation cases is inconsistent with the general purpose of the workers' compensation system. Obligating successful workers to cover their legal costs reduces the worker's already limited recovery. . . . [W]e conclude that the worker's degree of overall recovery is not a relevant factor in calculating the attorney fees award.

*Id.* at 667, 670, 671.

The facts in this appeal fulfill the purpose behind the small claims settlement statute and beg for an award of fees unencumbered by the amount in controversy. Jeanette Higgins' defense was undesirable work to the great majority of attorneys. Unless Higgins won and she was awarded fees, her attorney might never obtain payment. Many law firms would not allow Higgins through the office front door. Since the amount at issue was small, many lawyers would shun her request for employment and advise her

that it is not economical to hire an attorney or advise her to employ an incompetent attorney who lacks work.

Higgins denied the debt such that discovery was needed to discern the basis of Target's claim. Large corporate defendants can be uncooperative in discovery leading to an increase in effort expended by the debtor's attorney. The delay by Target and its filing of a summary judgment motion before answering discovery illustrates the truth to this generalization.

Higgins' attorney should be applauded for performing a service to that portion of the community that often lacks legal assistance. He should be recompensed for his services. Target, who could not present facts showing any amount owed, should pay for those services rather than Higgins. Target was warned by Higgins' counsel not to proceed further with the lawsuit, but Target insisted on continuing with litigation with the result that Higgins' counsel's fees increased. Target's attorneys have likely been paid their entire bill. Higgins' attorney should also be paid his.

Reducing the attorney's fee award by the amount in controversy, rather than holding to the lodestar method, could lead to arbitrary awards of fees. The decision of the trial court illustrates the arbitrary nature of reducing a fee request based upon the amount in dispute. Neither RPC 1.5(a) nor any other principle of law provides any guidelines for determining the amount of the fee to cut because of the amount at stake. Other than a low amount being in controversy, our trial court gave no explanation for

31

reducing the fees sought from $11,076 to $5,625 and gave no explanation as to how it arrived at $5,625. If the court is to consider the size of the dispute, $3,000 or $7,000 might have been just as appropriate an award.

By our ruling, we do not mean to discount the importance of RPC 1.5 in disputes between a client and the attorney concerning fees or in the award of fees in another setting. But, in the setting of small claims, the purpose of RCW 4.84.250 should prevail over the listing of one factor under the code of professional responsibility. Our state high court has held that, under at least one statute, the amount in controversy shall not be considered, meaning some policies take precedence over RPC 1.5(a)(4). *Brand*, 139 Wn.2d 659. If awarding full attorney's fees to workers who succeed in court will ensure adequate representation for injured workers, awarding full attorney's fees to litigants in small claims will also promote adequate representation.

Our ruling does not preclude the trial court from reducing the amount sought by Jeanette Higgins' attorney. As argued by Target, some of the work performed by counsel may have been wasteful since the work addressed unsuccessful claims, such as the debt collector license statute. Under our ruling, wasteful and duplicitous work is still a factor to consider when determining the reasonableness of the fees. The trial court might also find that counsel spent excessive time on a particular task. Nevertheless, under our ruling, the trial court should not reduce the fees sought because of the amount in dispute.

*Findings of Fact*

We vacate the trial court's award of reasonable attorney's fees and costs and remand the case for a second review of the fees requested by Jeanette Higgins. In reviewing the fee application, the trial court will have discretion in determining the amount to award consistent with this decision.

We also direct the trial court to enter findings of fact that will allow us to review any additional appeal of the award. If the court reduces the award from the amount sought, the trial court should enter findings explaining a reason for the reduction other than the amount in controversy. Washington courts have repeatedly held that the absence of an adequate record upon which to review a fee award will result in a remand of the award to the trial court to develop such a record. *Mahler*, 135 Wn.2d at 435; *Smith v. Dalton*, 58 Wn. App. 876, 885, 795 P.2d 706 (1990); *Rhinehart v. Seattle Times*, 59 Wn. App. 332, 342-43, 798 P.2d 1155 (1990); *Bentzen v. Demmons*, 68 Wn. App. 339, 350-51, 842 P.2d 1015 (1993); *State Farm Mut. Auto. Ins. Co. v. Johnson*, 72 Wn. App. 580, 595-96, 871 P.2d 1066 (1994).

Jeanette Higgins assigns error to the form of the order the trial court previously signed awarding attorney's fees. Because those fees have since been paid by Target, we decline to address this assignment because of its mootness. Generally, this court will not consider a case if the issue presented is moot. *State v. Walker*, 93 Wn. App. 382, 385, 967 P.2d 1289 (1998).

*Attorney's Fees on Appeal*

Both parties request reasonable attorney's fees and costs on appeal.

RCW 4.84.290 allows the prevailing party on appeal, attorney's fees on appeal. *Lay*, 112 Wn. App. at 827. The statute reads, in part:

> In addition, if the prevailing party on appeal would be entitled to attorneys' fees under the provisions of RCW 4.84.250, the court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal.

RCW 4.84.290. We award attorney's fees for the appeal to the Jeanette Higgins upon her compliance with RAP 18.1(d).

## CONCLUSION

We reverse and vacate the trial court's award of reasonable attorney's fees to Jeanette Higgins. We remand the case to the trial court for a determination of reasonable fees consistent with this decision.

_____
Fearing, J.

WE CONCUR:

_____
Brown, J.

_____
Kulik, J.P.T.