FILED
COURT OF APPEALS
DIVISION II

2014 AUG 19 AM 9: 35

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| THE FILIPINO AMERICAN LEAGUE, | No. 43764-3-II |
| Respondent, | PUBLISHED OPINION |
| v. | |
| LUCENA CARINO, | |
| Appellant. | |

BJORGEN, A.C.J. — Lucena Carino appeals an award of reasonable attorney fees to the Filipino American League (League) based on a Thurston County District Court small claims default judgment against her. The League sued Carino for misappropriating funds during her presidency of the organization. Carino failed to appear and the small claims department entered a default judgment against her. She unsuccessfully moved to vacate the default judgment, and the League unsuccessfully sought reasonable attorney fees for defending against her motion. Carino appealed the denial of her motion to vacate the default judgment to the superior court, and the League cross appealed the denial of fees. The superior court ultimately granted the League reasonable attorney fees for work on the appeal under RCW 4.84.290. Carino sought

discretionary review by us, arguing that the League failed to comply with the prerequisites for invoking the fee-shifting scheme found in RCW 4.84.250-.290.[1,2] The League, in its response, requested attorney fees for defending this review. We agree with Carino and reverse the superior court's grant of reasonable attorney fees to the League under RCW 4.84.290 and deny the League's request for reasonable attorney fees on discretionary review.

## FACTS

Carino served as the League's president and, after her tenure, the League sued her, claiming she had misappropriated funds during her tenure. The League's notice of small claim to Carino made no mention of seeking attorney fees, and the League never made an offer of settlement that might have alerted Carino to any intent to request fees.

---

[1] RCW 4.84.250 provides that:
> Notwithstanding any other provision of chapter 4.84 RCW and RCW 12.20.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars.

[2] RCW 4.84.290 provides that
> If the case is appealed, the prevailing party on appeal shall be considered the prevailing party for the purpose of applying the provisions of RCW 4.84.250: PROVIDED, That if, on appeal, a retrial is ordered, the court ordering the retrial shall designate the prevailing party, if any, for the purpose of applying the provisions of RCW 4.84.250.
>     In addition, if the prevailing party on appeal would be entitled to attorneys' fees under the provisions of RCW 4.84.250, the court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal.

The small claims department entered a default judgment against Carino when she did not answer the League's complaint and failed to appear at the hearing. The League then began garnishment proceedings against Carino to satisfy the default judgment.

Carino later moved in the district court to vacate the judgment against her under CR 60(b).[3] In its response, the League requested attorney fees and costs under RCW 6.27.230 for what it characterized as work completed in responding to Carino's controversion of its garnishment attempts.[4] The district court denied both Carino's motion to vacate and the League's request for reasonable attorney fees, and both parties appealed to superior court.[5]

In its cross appeal to superior court, the League again sought attorney fees under RCW 6.27.230, and for the first time, requested fees under RCW 12.40.105.[6] The superior court rejected these requests, determining that the district court had properly exercised discretion in denying the League's request for attorney fees. However, the court stated,

---

[3] CRLJ 60(b) allows the trial court to "relieve a party or his legal representative from a final judgment, order, or proceeding" for one of eleven enumerated reasons.

[4] RCW 6.24.230 provides that

> [w]here the answer is controverted, the costs of the proceeding, including a reasonable compensation for attorney's fees, shall be awarded to the prevailing party: PROVIDED, That no costs or attorney's fees in such contest shall be taxable to the defendant in the event of a controversion by plaintiff.

[5] The superior court denied Carino's appeal of the district court's denial of her motion to vacate judgment. Carino did not seek review of this decision and the propriety of the denial is not before us.

[6] RCW 12.40.105 provides, in relevant part, that

> [i]f the losing party [in the small claims department] fails to pay the judgment within thirty days or within the period otherwise ordered by the court, the judgment shall be increased by . . . any other costs incurred by the prevailing party to enforce the judgment, including but not limited to reasonable attorneys' fees.

I have issues that I want to explore further about whether or not [the denial of fees in the garnishment action] precludes an award of attorney's fees for this appeal, that is, to this court from the district court, and I want some time to look at that, and so I'm not ruling on that today. You may present, if you wish, what you think you're entitled to only for this appeal. I will consider that. If either side wishes to submit additional briefing on whether or not this Court can split the issues -- which is what I'm saying is something I'm contemplating. I've ruled that there will be no attorney's fees awarded for the district court or the small claims court actions, but I will investigate further as to whether or not there will be an award for attorney's fees in this appeal.

Verbatim Report of Proceedings (Apr. 16, 2012) at 9-10.

The League responded by submitting a declaration from its attorney requesting an award of attorney fees for its appeal to superior court under RCW 6.27.230, RCW 12.40.105, and for the first time, RCW 4.84.250, "together with other applicable statute[s] and in equity." CP at 284-86. Carino contested any award of fees on each of these grounds, and argued that the lack of any settlement offer by the League before the initial trial precluded any award of fees under RCW 4.84.250 on appeal.

By letter opinion, the superior court awarded the League reasonable attorney fees under RCW 4.84.290 for its appeal from district court.[7] The superior court determined that, although the League had not made an offer of settlement as required for plaintiffs to receive fees under RCW 4.84.250 and RCW 4.84.290, Carino's default meant that the League "was not required . . . to make an offer of settlement." CP at 299. Consequently, the superior court awarded the League $10,000.00 in reasonable attorney fees and $103.20 in costs.

Carino moved for discretionary review of the superior court's award of reasonable attorney fees, and our commissioner granted her petition.

---

[7] Under RCW 4.84.290, a party prevailing on an appeal involving RCW 4.84.250 is entitled to reasonable attorney fees.

4

No. 43764-3-II

ANALYSIS

A.    Attorney Fees on Appeal to Superior Court

Carino appeals the award of attorney fees to the League by superior court on two grounds. First, she argues that the legislature did not intend to apply RCW 4.84.250 or RCW 4.84.290 to default debtors because doing so deters their ability to access the courts and vacate the default. Second, she contends that an award of fees on appeal under RCW 4.84.290 requires eligibility for fees under RCW 4.84.250 and argues that the League was ineligible because it did not make an offer of settlement or provide Carino with notice of its intent to seek fees. We find no need to consider Carino's first claim, because a straightforward reading of RCW 4.84.250-.290 and our precedent show her second claim is correct. Accordingly, we reverse.

Carino's appeal requires us to review the superior court's award of reasonable attorney fees under RCW 4.84.290. Whether that statute authorizes an award of reasonable attorney fees in these circumstances requires us to examine its meaning, and the meaning of a statute is a question of law we review de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002).

When we interpret a statute, we attempt to ascertain and give effect to the legislature's intent. *Campbell & Gwinn*, 146 Wn.2d at 9-10. We ascertain the legislature's intent through the text of the statutory provision at issue, as well as the text of "related statutes which disclose legislative intent about the provision in question." *Campbell & Gwinn*, 146 Wn.2d at 11. Where the plain text of a statute and any related statutes has but one reasonable meaning, we must give effect to the legislature's intent as embodied in those statutory provisions. *Campbell & Gwinn*, 146 Wn.2d at 9-10. However, where the statute remains susceptible to more than one reasonable

meaning after analysis of the statutory scheme as a whole, we employ canons of statutory

construction and extrinsic evidence of legislative intent to interpret the provision. *Campbell &*

*Gwinn*, 146 Wn.2d at 12.

Washington follows the "American rule" and requires parties to bear their own attorney

fees unless a "contract, statute, or a recognized ground in equity" alters the default rule.

*Cosmopolitan Eng'g Grp., Inc. v. Ondeo Degremont, Inc.*, 159 Wn.2d 292, 296-97, 149 P.3d 666

(2006). RCW 4.84.250 alters the default rule and authorizes an award of fees in some

circumstances through the following language:

> Notwithstanding any other provision of chapter 4.84 RCW and RCW 12.20.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars.

A plaintiff, such as the League, becomes the prevailing party for purposes of RCW 4.84.250 by

recovering, excluding costs, "as much as or more than the amount" it offered in settlement.[8]

RCW 4.84.260. These "[o]ffers of settlement shall be served on the adverse party in the manner

prescribed by applicable court rules at least ten days prior to trial." RCW 4.84.280.

RCW 4.84.290 governs the award of attorney fees on appeal in cases subject to RCW

4.84.250. It provides that

> [i]f the case is appealed, the prevailing party on appeal shall be considered the prevailing party for the purpose of applying the provisions of RCW 4.84.250: PROVIDED, That if, on appeal, a retrial is ordered, the court ordering the retrial shall designate the prevailing party, if any, for the purpose of applying the provisions of RCW 4.84.250.

---

[8] A defendant becomes the prevailing party by satisfying the conditions found in RCW 4.84.270.

> In addition, if the prevailing party on appeal would be entitled to attorneys' fees under the provisions of RCW 4.84.250, the court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal.

RCW 4.84.290.

As Carino contends, the unambiguous language of RCW 4.84.290 authorizes an award of fees on appeal only where the party is eligible for an award under RCW 4.84.250. RCW 4.84.250 and RCW 4.84.260 required the League to make an offer of settlement to become a prevailing party. The League made no such offer. Therefore, it is not the prevailing party within the meaning of RCW 4.84.250 and RCW 4.84.290.

The League argues that the superior court correctly awarded fees because it could not make an offer of settlement, since Carino had defaulted. RCW 4.84.260 and RCW 4.84.280 required the League to make an offer of settlement in accordance with the terms of the civil rules for courts of limited jurisdiction 10 days before the hearing in the small claims department. Since responsive pleadings are not required in the small claims department under RCW 12.40.090, Carino did not need to file an answer and did not default until she failed to appear at the hearing. Thus, Carino had not yet defaulted during the time the League was required to make an offer of settlement to be eligible for attorney fees under RCW 4.84.260 and RCW 4.84.280. The League's failure to make the necessary offer of settlement during that time means it is not eligible to receive an award of attorney fees under these statutes.

In addition, we have stated that, "[a]lthough not provided for in RCW 4.84.250, common law requires that the party from whom attorney fees are sought receive notice before trial that it may be subject to fees under the statute." *Lay v. Hass*, 112 Wn. App. 818, 824, 51 P.3d 130 (2002). This notice requirement is distinct from the statutory requirement of an offer of

7

settlement and applies even where a party need not make such an offer. *See Lay*, 112 Wn. App. at 824. Both the Supreme Court and our court have recognized that this notice requirement serves the purpose of RCW 4.84.250-.300 by providing an incentive to parties to settle small disputes by alerting parties to the possibility of a court awarding attorney fees. *Beckmann v. Spokane Transit Auth.*, 107 Wn.2d 785, 788-89, 733 P.2d 960 (1987); *Pub. Utils. Dist. No. 1 of Grays Harbor County v. Crea*, 88 Wn. App. 390, 393-94, 945 P.2d 722 (1997); *Toyota of Puyallup, Inc. v. Tracy*, 63 Wn. App. 346, 353-54, 818 P.2d 1122 (1991).

The record does not indicate that the League gave Carino notice of any intent to seek fees under RCW 4.84.250 or RCW 4.84.290 before the hearing at which the district court entered the default judgment against her. This lack of notice precluded an award of fees under RCW 4.84.250 and, consequently, an award under RCW 4.84.290. *Last Chance Riding Stable, Inc. v. Stephens*, 66 Wn. App. 710, 713-14, 832 P.2d 1353 (1992); *Toyota of Puyallup*, 63 Wn. App. at 354.

Because the League could not receive reasonable attorney fees under RCW 4.84.250, it could not receive reasonable appellate attorney fees under RCW 4.84.290. We reverse the superior court's award of attorney fees to the League.

B.      Attorney Fees on Discretionary Review in the Court of Appeals

The League asks for attorney fees incurred in defending the request for discretionary review before us. While we may award fees to a prevailing party on appeal under RCW 4.84.290, the League did not prevail before us and is not entitled to an award of fees.

No. 43764-3-II

## CONCLUSION

We reverse the superior court's grant of reasonable attorney fees to the League under RCW 4.84.290 and deny the League's request for reasonable attorney fees on discretionary review.

Bjorgen, A.C.J.
BJORGEN, J.

We concur:

Hunt, J.
HUNT, J.

Maxa, J.
MAXA, J.

9